LAWRENCE J. OBREY *vs.* DENNIS J. McCARTHY
(and three companion cases *).

Norfolk.     Suffolk.     October 4, 1939. — January 30, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Law of the Road.*

Section 8 of G. L. (Ter. Ed.) c. 89 applies to street railway cars.

FOUR ACTIONS OF TORT. Writs in the first two actions in the Municipal Court of Brookline dated October 16, 1936, and in the third and fourth actions in the Municipal Court of the City of Boston dated November 16, 1935.

On removal of the actions to the Superior Court, they were tried together before *Donahue,* J., and verdicts were returned in each of the two actions by Lawrence J. Obrey in the sum of $5,852.47, and in each of the two actions by

---

* The companion cases were Helen G. Obrey *vs.* Dennis J. McCarthy, Lawrence J. Obrey *vs.* Boston Elevated Railway Company, and Helen G. Obrey *vs.* Same.

Helen G. Obrey in the sum of $10,000. The defendants alleged exceptions.

*S. P. Sears,* for the defendants.

*E. B. Hanify,* (*J. M. Hoy* with him,) for the plaintiffs.

LUMMUS, J. These cases arise out of a collision between an automobile owned and operated by the male plaintiff, in which the female plaintiff was riding, and a street car owned by the defendant corporation and operated by its servant the individual defendant. The collision took place at the intersection of Washington Street and River Road in Brookline. The street car was travelling on Washington Street. River Road, on which the plaintiffs were approaching, comes in from the right of a person looking ahead from the street car. The plaintiffs were intending to cross Washington Street and enter Pond Street on the farther side of Washington Street. The street car struck the left side of the automobile.

The judge instructed the jury that the right of way statute, G. L. (Ter. Ed.) c. 89, § 8, applies to street cars as well as to other vehicles. The exception of the defendants to that instruction brings the cases here after verdicts for the plaintiffs.

The statute imposes its obligation upon "every driver of a motor or other vehicle approaching an intersection of any ways." In *Foster* v. *Curtis,* 213 Mass. 79, a street car was held a vehicle within another provision of the law of the road. After five sections dealing with various aspects of the law of the road, G. L. (Ter. Ed.) c. 89, § 6, now provides: "In construing rules, by-laws and regulations concerning the use and operation of vehicles on ways, street railway cars or other cars moving upon rails shall not be considered to be vehicles within the provisions of the five preceding sections, unless it is expressly so provided." Nothing in that section affects the status of a street car as a vehicle within the meaning of § 8. The danger of collision, which § 8 seeks to lessen, exists equally where one of the vehicles is a street car and where both are vehicles of other sorts. *Fournier* v. *Zinn,* 257 Mass. 575, 578, 579. It would be confusing to have one standard of rights and

duties when a street car is encountered at an intersection, and another when a different vehicle is found there. In our opinion the instruction was correct.

*Exceptions overruled.*