MARGARET GORMAN *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY & another.[1] December 29, 1965. Evidence that while the plaintiff was in the act of boarding the Authority's trackless trolley at a regular stopping place, with one foot on the first step and the other on the second, and while she was holding her fare in one hand and her handbag in the other, the vehicle suddenly started forward, causing her to fall, entitled her to go to the jury. The plaintiff's status was that of a passenger, *Gordon* v. *West End St. Ry.* 175 Mass. 181, 183, to whom the operator owed the duty to use reasonable care to afford her an opportunity to get fairly within the vehicle before he started it. *O'Loughlin* v. *Bay State St. Ry.* 221 Mass. 65, 66. See *Tsacoyeanes* v. *Canadian Pac. Ry.* 339 Mass. 726, 728.

*Exceptions sustained.*

*William A. Cotter, Jr. (Robert L. Farrell* with him) for the plaintiff.
*Joseph C. Mahoney,* for the defendants, submitted a brief.

CLIFFORD T. COLLURA *vs.* AUDREY F. COLLURA. December 30, 1965. This is an appeal by the prevailing party in an uncontested divorce case in which he was the libellant. His libel was based upon cruel and abusive treatment and adultery. The judge refused to hear evidence upon the latter ground and entered a decree nisi upon the former ground alone. No harm to the libellant appears. The provision for preserving dower or curtesy rights subsequent to a divorce for adultery was repealed by St. 1949, c. 76, § 2, amending G. L. c. 208, § 27. The granting of a divorce for adultery is not an indirect adjudication of legitimacy. *Sayles* v. *Sayles,* 323 Mass. 66, 69. There would be no collateral estoppel to raise the issue of adultery in any later litigation to which it would be material. See *Cambria* v. *Jeffery,* 307 Mass. 49, 50; *Henchey* v. *Cox,* 348 Mass. 742, 746–747. There was no error in any respect.

*Decree affirmed.*

*Casper T. Dorfman,* for the libellant, submitted a brief.
No argument or brief for the libellee.

HARRY N. STEINBERG, administrator, *vs.* CONSOLIDATED BUILDERS, INC. & another. December 30, 1965. This is an action of tort for injuries sustained by the plaintiff's intestate when she allegedly slipped and fell on a slab of granite. The sole question before us is whether the judge was correct in directing verdicts for each of the defendants. Our examination of the testimony most favorable to the plaintiff does not reveal any error.

*Exceptions overruled.*

*Hyman Hershfield,* for the plaintiff, submitted a brief.
*Roland I. Wood* for the defendants.

---

[1] K. P. Forbes, the operator of the Authority's trackless trolley.