LILLIAN M. GELINEAU *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. April 23, 1973. This is an action of tort brought against the

defendant to recover damages for personal injuries sustained by the plaintiff while she was a passenger on a bus owned and operated by the defendant. The basis for the plaintiff's claim is that she was thrown from her seat in the bus due to a sudden stop or jerk of the bus. There was evidence that the driver of the bus stopped short in order to avoid an accident with a taxicab. The direction from which the taxicab came was a matter of conflicting testimony. Following the conclusion of the charge, the defendant requested that the trial judge, a District Court judge sitting in the Superior Court by authority of G. L. c. 212, § 14B, give certain instructions (included in a timely request for instructions) to the jury. The judge denied the request, and to the denial the defendant excepted. The jury returned a verdict for the plaintiff. A judge is not required to instruct the jury in the terms of a requested instruction — even if it is correct as matter of law and applicable to the pleadings and the evidence — if the subject matter thereof is dealt with adequately in the charge. *Squires* v. *Fraska,* 301 Mass. 474, 476. *Campbell* v. *Shea,* 332 Mass. 422, 425. However, the instructions which were given to the jury fell far short of being adequate. They failed to articulate with clarity the law governing the issues raised during the trial. From a reading of the entire charge we conclude that it is devoid of comprehensive instructions upon the central issue of the obligations of the defendant to the plaintiff as a passenger on its bus under the circumstances surrounding the accident. The judge below failed to give "full, fair, correct and clear instructions as to the principles of law governing" (*Buckley* v. *Frankel,* 262 Mass. 13, 15) sudden stopping of public carriers and upon whom the burden of proof rested to explain the sudden stop, especially where it appeared to be undisputed that the interaction of the taxicab and the bus was the cause of the stop. The law is clear that it is incumbent upon the plaintiff to prove that the stop was not caused by a traffic emergency, or that the traffic emergency was caused by the conduct of the bus driver. *Cuddyer* v. *Boston Elevated Railway,* 314 Mass. 680, 682. *Mathieu* v. *Springfield Street Railway,* 328 Mass. 13, 14. *Spiller* v. *Metropolitan Transit Authority,* 348 Mass. 576, 577. Had the judge granted the instructions requested by the defendant on these issues, the deficiency would have been corrected. "The jury should have been instructed more 'clearly, [and] adequately ... concerning principles that ought to guide and control their action.'" *Horowitz* v. *Bokron,* 337 Mass. 739, 746.

*Exceptions sustained.*

*Anthony G. Prasinos* for the defendant.
*James D. Casey* for the plaintiff.