JEANETTE BROWN, administratrix, *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY & another. August 13, 1976. 1. There was evidence from which the jury might find that the entrance to the ramp leading to the East Loop of the Dudley Street MBTA station was designed with such narrow tolerances as to make it probable that bus drivers turning right from Dudley Street into the ramp would intrude into the pedestrian walkway, thereby creating a danger to pedestrians which the cautionary sign was not sufficient to guard against and which required at least the presence of a physical barrier, such as a curbing or a sturdy fence or pole for the protection of pedestrians. The jury could find that the negligence of the driver was foreseeable and did not supersede but rather joined with the negligence in the design of the ramp in causing the injuries to the plaintiff's intestate. See *Luz* v. *Stop & Shop, Inc. of Peabody,* 348 Mass. 198, 204-205 (1964). This case is factually distinguishable from *Fairbanks* v. *Boston Elev. Ry.* 237 Mass. 127 (1921), both because the narrowness of the pedestrian walkway, bounded on one side by a cement wall, could be found to impel the pedestrian toward the source of danger and because the yellow line on the other side could be found to have the effect of instilling a false sense of security in a pedestrian walking within it. The motion for a directed verdict on counts 5 and 6 was therefore properly denied. 2. Contrary to the contention of the defendant Authority, the charge to the jury taken as a whole did not emphasize foreseeability to the virtual exclusion of duty. 3. As the jury could find that the condition of the entrance to the ramp and the demands it placed upon the driver

endangered pedestrians on the public sidewalk immediately abutting the pedestrian walkway, the jury could not properly have been instructed that, if the deceased was struck while on the public sidewalk, they should find for the defendant Authority on counts 5 and 6. 4. The Authority's contention that for purposes of assessing damages for wrongful death under G. L. c. 229, § 2 (as amended through St. 1967, c. 666, § 1), separate acts of negligence of its employees "should be evaluated as a unitary entity ... and a single degree of culpability ... determined," was not raised at the trial until after the jury had returned its verdict (which, in response to special questions not complained of, separately assessed and aggregated the degrees of culpability for the separate acts of negligence found); and, as the jury's verdict was not inconsistent in this respect, nor in the aggregate in excess of the then statutory limit of $50,000, the judge was under no obligation to require the jury to reconsider those damages for the reason urged by the Authority. 5. The judgment entered on November 18, 1974, as modified by the plaintiff's remittitur filed on January 30, 1975, is affirmed.

*So ordered.*

*Charles W. O'Brien* for Massachusetts Bay Transportation Authority.
*Michael E. Mone* for the plaintiff.