SHIRLEY BATEMAN *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. February 19, 1981. The judge correctly ruled that the duty of the Massachusetts Bay Transportation Authority (MBTA) with regard to the repair of public ways traversed by its vehicles, and hence its liability for the want of such repair, is governed by G. L. c. 161, § 89, by virtue of the incorporation of c. 161 in the MBTA enabling legislation (G. L. c. 161A, § 21) and that of its predecessor, the Metropolitan Transit Authority (MTA) (St. 1947, c. 544, §§ 20, 26). See *Hawkes* v. *Metropolitan Transit Authy.,* 328 Mass. 140, 142 n.1 (1951). The plaintiff's reliance on St. 1923, c. 358, § 1, imposing such liability on the Boston Elevated Railway Company (company), is misplaced, as the 1923 statute was addressed exclusively to the company and not to any successor organization, and therefore ceased to be operative when the company was dissolved after the establishment of the MTA in 1947, in accordance with St. 1931, c. 333, § 17, and St. 1947, c. 544, § 5. See *Boston Elev. Ry.* v. *Metropolitan Transit Authy.,* 323 Mass. 562, 566 (1949). The provision in St. 1947, c. 544, § 2, making the MTA "subject to all existing laws applicable to said company" cannot avail the plaintiff for the reasons stated in the brief of the MBTA, and for the further reason that that provision was deleted from § 2 by St. 1953, c. 197, § 1.

*Judgment affirmed.*

*Richard B. Parker* for the plaintiff.
*James G. Fay (Barbara A. Fay* with him) for the defendant.