JANET H. COOK *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY & another. April 15, 1982. The defendants (the MBTA and one of its bus drivers) appeal from a judgment awarding the plaintiff damages for injuries that she sustained as a result of their alleged negligence, arguing error in the trial judge's refusals to direct verdicts in their favor and to give certain requested instructions to the jury. Mass.R.Civ.P. 50(a) & 51(b), 365 Mass. 814, 816 (1974).

There was evidence to show the following facts. In 1979, the then eighty-four-year old plaintiff boarded the defendant's bus. Pertinent MBTA rules in effect at that time provided that passenger aid "shall" be given "where its obvious that special assistance is required in getting on or off passenger vehicles . . . by the elderly, infirm, crippled or blind" and that "[p]assengers must be in a safe position before moving vehicle." The vehicle in question was a four-speed transmission bus with a fast acceleration, slipping from low to second gear as the bus travelled at about eighteen miles an hour. After the plaintiff paid her fare but before she was seated, the driver pulled out into traffic and saw that a pedestrian-controlled stop light about 160 feet away was changing from green to yellow. The driver testified that he took his foot off the accelerator in order "to glide" to a stop for the light. The plaintiff and a passenger testified that there was a "quick" and "sudden" stop. The plaintiff stumbled and grabbed for a rail. As she was thrown backwards toward the front of the bus over a distance of six feet, she struck her head on the fare box and fell head first down the stairwell. The plaintiff has been a quadraplegic since the time of the accident, and there was medical testimony that "the cause of the quadraplegia was a severe injury to the spinal cord."

1. The evidence was sufficient to withstand the defendants' motion for a directed verdict. *Alholm* v. *Wareham*, 371 Mass. 621, 626-627 (1976). (a) The driver testified that, at the time of the accident, he was aware of

the MBTA rules, that as the plaintiff boarded the bus he observed that "she was an elder [*sic*] woman," and that he knew that she was not seated when he pulled the bus out into traffic. "A violation of printed or written rules designed to promote the safety of passengers is evidence of negligence. *Stevens* v. *Boston Elev. Ry.*, 184 Mass. 476 [1904]. *Gerry* v. *Worcester Consol. St. Ry.*, 248 Mass. 559, 565 [1924]." *McNeil* v. *New York, N.H. & H.R.R.*, 282 Mass. 575, 577 (1933). It was for the jury to determine whether the MBTA rules had been violated and, if so, whether the violation was causally related to the plaintiff's injuries. (b) We do not accept the defendants' invitation to overrule *Cantara* v. *Massachusetts Bay Transp. Authy.*, 3 Mass. App. Ct. 81, further appellate review denied, 367 Mass. 912 (1975), and the present case falls squarely within that holding. "The jury could have inferred from the direction and distance of the plaintiff's backward flight that the movement of the bus, which she had described as . . . [a sudden, a terrifically quick stop that threw me back], was in fact 'a[ ] [de]celeration of an extraordinary and unusual' nature" and that "[t]he . . . evidence showing the violence of the plaintiff's fall was sufficient to warrant an inference that the [stop] or [de]celeration was unusual or extraordinary, and that the bus was operated in a negligent manner." *Id.* at 84.

2. As defense counsel failed to comply with Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974), in that he did not "stat[e] distinctly the matter to which he object[ed] and the grounds of his objection," the defendants' claims of error in the jury instructions are not properly before us. *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489 (1977). By way of dictum, however, we note that the third, ninth and tenth requests could have been misleading if given in the form suggested by the defendants and that those requests were covered in proper substance by the trial judge. *Id.* at 493. In view of the facts (a) that it was the defendants' position throughout the trial that the bus was "gliding" when the plaintiff was thrown backwards and that the bus was not stopped until after she had fallen down the stairwell and (b) that a passenger testified that she was looking out the window when the bus stopped suddenly and she saw nothing in front of the bus to cause the driver to stop, we do not view the absence of an instruction on traffic emergencies as reversible error. Compare *Gelineau* v. *Massachusetts Bay Transp. Authy.*, 1 Mass. App. Ct. 815, 816 (1973) ("where it appeared to be undisputed that the interaction of the taxicab and the bus was the cause of the [sudden] stop").

3. Any error in the trial judge's refusal to strike the testimony of the plaintiff's daughter that her mother's hospital stay was "utterly horrifying to me" and that it was "a memory that I'd like very much to forget" must be deemed harmless in light of the medical evidence as to the nature and the extent of the plaintiff's injuries that was heard by the jury, which also heard and saw the plaintiff testify in court from her bed.

*Judgment affirmed.*

*James G. Fay (Barbara A. Fay* with him) for the defendants.
*Stephen T. Keefe, Jr. (Stephen M. Hillman* with him) for the plaintiff.