CHRISTOPHER HEARN *vs.* MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk. February 7, 1983. — June 10, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Massachusetts Bay Transportation Authority. Limitations, Statute of.*
*Constitutional Law,* Equal protection of laws. *Statute,* Repeal.

The plaintiff in a personal injury action against the Massachusetts Bay
    Transportation Authority was not denied equal protection of the laws
    by the disparity between the two-year period for commencement of
    actions against the MBTA provided by G. L. c. 161A, § 21, and the
    three-year period for commencement of most contract and tort actions
    for personal injuries provided by G. L. c. 260, §§ 2A and 4. [406-407]
Legislative amendment of G. L. c. 260, §§ 2A and 4, by St. 1973, c. 777,
    §§ 1 and 3, to extend from two to three years the period during which
    certain personal injury and property damage actions must be com-
    menced did not constitute an implied repeal of G. L. c. 161A, § 21,
    providing for a two-year period of limitations for similar actions
    against the Massachusetts Bay Transportation Authority. [407]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 14, 1982.

A motion to dismiss was heard by *Carey*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*James B. Krasnoo* for the plaintiff.

*Barbara A. Fay* (*James G. Fay* with her) for the defend-
ant.

NOLAN, J. We are asked to declare that the two-year
statute of limitations (G. L. c. 161A, § 21[1]) governing ac-

_____

[1] General Laws c. 161A, § 21, inserted by St. 1964, c. 563, § 18, states
in part: "The authority shall be liable for the acts and negligence of the
directors and of the servants and employes of the authority in manage-
ment and operation of the authority and of the properties owned, leased

tions for death, personal injury, or property damage against the Massachusetts Bay Transportation Authority (MBTA) is unenforceable.[2]  We decline to do so.

The plaintiff was struck by a bus, the property of the MBTA, on June 30, 1979, while he was operating a bicycle on a public way in Boston.  On April 14, 1982, approximately two years and ten months after the accident, he filed a complaint against the MBTA alleging the bus operator's negligence and seeking damages for his resultant injuries.  From the judgment following the allowance of the MBTA's motion to dismiss on the ground of the statute of limitations, the plaintiff appealed to the Appeals Court, and we granted his application for direct appellate review. See G. L. c. 211A, § 10(A).

We interpret the plaintiff's argument as raising two distinct, but related issues: (1) the denial of equal protection of the laws because of the disparity in time between the statute of limitations governing the commencement of actions against only the MBTA in G. L. c. 161A, § 21 (two years), and the general statutes of limitation in G. L. c. 260, §§ 2A and 4, controlling the commencement of actions in most contract and tort actions for personal injuries (three years); and (2) the implied repeal of § 21, in 1973, when the time limitations of §§ 2A and 4 were extended to three years.[3]  St. 1973, c. 777, §§ 1, 3.

and operated by it to the same extent as though the authority were a street railway company, but the directors shall not be personally liable except for malfeasance in office.

"The authority shall be liable in tort to passengers, and to persons in the exercise of due care who are not passengers or in the employment of the authority, for personal injury and for death and for damages to property in the same manner as though it were a street railway company; provided that any action for such personal injury or property damage shall be commenced only within two years next after the date of such injury or damage and in case of death only within two years next after the date of the injury which caused the death."

[2] In *Thomas* v. *Massachusetts Bay Trans. Auth.*, *post* 408 (1983), decided today, we held that § 21 controls the commencement of actions of contract for personal injuries against the MBTA by its passengers.

[3] The plaintiff makes a passing reference in his brief to art. 11 of the Declaration of Rights of the Massachusetts Constitution, but his treatment

1. *Equal protection.* The plaintiff argues that he has been denied the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution because, by the wholly adventitious misfortune of being struck by the defendant's bus, he was required to bring his action within a period of time which is one year shorter than would be required if he had been struck by any other motor vehicle. He claims that this disparate treatment is founded on no rational basis. However, his arguments fall short of overcoming the presumption of validity which we have always given to such statutes. *American Mfrs. Mut. Ins. Co.* v. *Commissioner of Ins.*, 374 Mass. 181, 190 (1978). The task of overcoming this presumption has been described as a "heavy burden." *El Paso* v. *Simmons*, 379 U.S. 497, 508-509 (1965).

The Legislature could have provided the same time restraints for bringing action against the MBTA as it had provided for commencing actions against others. However, there is a rational basis for providing a different time limitation for actions against the MBTA, because of its unique position as a provider of public transportation to a large segment of the population. We take notice that the MBTA is responsible for public transportation to a major portion of the largest metropolitan area in the Commonwealth. The MBTA was created by the Legislature in 1964. G. L. c. 161A, inserted by St. 1964, c. 563, § 18. At a point early in the MBTA's existence, this court had occasion to note the public purpose of the MBTA and the fact that "[t]ransportation concerns every inhabitant of the Commonwealth and every aspect of our society." *Massachusetts Bay Transp. Auth.* v. *Boston Safe Deposit & Trust Co.*, 348 Mass. 538, 542 (1965). In a word, the Legislature could have concluded that there is a rational basis for treating the MBTA differently from others because of its special public obligations. See *Fujimura* v. *Chicago Transit Auth.*, 67 Ill. 2d 506 (1977).[4]

---

falls measurably below an "argument" contemplated by the strictures of Mass. R. A. P. 16(a)(4), as amended, 367 Mass. 919 (1975).

[4] *Espanola Hous. Auth.* v. *Atencio*, 90 N.M. 787, 788-790 (1977), is a case which held that a statute of limitations treating municipalities dif-

The plaintiff does not persuade us by arguing for uniformity and by protesting the lack of logic and wisdom in the disparity of treatment of people who become plaintiffs in personal injury and property damage cases. It is not for the court to decide whether a statute is wise or effective so long as it can be supported on any rational basis that can be conceived to sustain it. See *Klein* v. *Catalano*, 386 Mass. 701, 707 (1982); *Sperry & Hutchinson Co.* v. *Director of the Div. on the Necessaries of Life*, 307 Mass. 408, 418 (1940).

2. *Implied repeal.* We read the plaintiff's brief as arguing that the Legislature impliedly repealed the two-year statute of limitations created in 1964 in G. L. c. 161A, § 21, when, in 1973, it extended from two years to three years the time constraints in §§ 2A and 4 which limit the commencement of personal injury and property damage actions similar to those encompassed by § 21. Implied repeal is a doctrine that has never been favored by our law. Its application has been limited to those rare instances where the "statute is so repugnant to and inconsistent with the later enactment that both cannot stand." *Commonwealth* v. *Bloomberg*, 302 Mass. 349, 352 (1939).

Furthermore, the Legislature has specifically recognized the viability of special statutes of limitation such as that contained in § 21. General Laws c. 260, § 19, provides: "If a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply." Section 21 is such a special provision.

3. *Conclusion.* There was no error in the entry of judgment allowing the MBTA's motion to dismiss.

*Judgment affirmed.*

ferently from other governmental bodies was not violative of the equal protection clause.

In *Lunday* v. *Vogelmann*, 213 N.W.2d 904, 907-908 (Iowa 1973), the Supreme Court of Iowa upheld the constitutionality of a notice of claim requirement as a prerequisite to actions against governmental subdivisions, although there was no such requirement for actions against private persons.