GAIL WALKER *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY & another.[1]

Middlesex. March 11, 1987. — April 2, 1987.

Present: GRANT, KAPLAN, & FINE, JJ.

*Massachusetts Bay Transportation Authority. Limitations, Statute of.*

With respect to personal injury and property damage claims against an individual defendant arising out of his allegedly negligent operation of a bus in the course of his employment by the Massachusetts Bay Transportation Authority, the authority was to be taken as the real party in interest, and the proceeding was governed by the two-year period of limitations found in G. L. c. 161A, § 21. [9-12]

CIVIL ACTION commenced in the Superior Court Department on December 24, 1985.

The case was heard by *Robert A. Mulligan,* J., on a motion to dismiss.

*Richard J. Vita* for the plaintiff.

*Jonathan P. Feltner (Deborah A. Eliason* with him) for the defendants.

GRANT, J. This was an action in the Superior Court by which the plaintiff sought to recover for the personal injuries and property damage sustained by her when her car was struck on a public way by a bus owned by the defendant authority (MBTA) and operated by the individual defendant in the course of his employment by the MBTA. The action was commenced more than two but less that three years after the date of the accident. Both defendants appeared by counsel for the MBTA and moved to dismiss the action as to each of them on the ground that the action had not been commenced within the two-year period of limitations found in G. L. c. 161A, § 21,

---

[1] Kenneth D. Lava.

inserted by St. 1964, c. 563, § 18.[2] The motion was allowed as to both defendants, and the plaintiff appealed from the ensuing judgment of dismissal.

In *Hearn* v. *Massachusetts Bay Transp. Authy.*, 389 Mass. 404 (1983), the court upheld an application of the two-year period of limitations in § 21 despite an equal protection argument based on the enlargement from two years to three of the general period of limitations found in G. L. c. 260, §§ 2A and 4, as amended by St. 1973, c. 777, §§ 1 and 3, respectively. The court did so after noting the MBTA's public purpose and the fact that transportation is a matter of concern to every inhabitant of the Commonwealth. *Id.* at 406. The court also rejected an argument that the two-year provision in § 21 had been impliedly repealed by the 1973 legislation. *Id.* at 407. In a companion decision, *Thomas* v. *Massachusetts Bay Transp. Authy.*, 389 Mass. 408 (1983), the court applied the two-year provision to a passenger of the MBTA who had attempted to recover for personal injuries on a theory of contract rather than tort.

For the reasons set out in those cases, the plaintiff conceded at argument that the present action was properly dismissed as to the MBTA. However, she points out (correctly) that both those cases were brought against the MBTA alone and urges that

---

[2] "The authority shall be liable for the acts and negligence of the directors and of the servants and employees of the authority in the management and operation of the authority and of the properties owned, leased and operated by it to the same extent as though the authority were a street railway company, but the directors shall not be personally liable except for malfeasance in office.

"The authority shall be liable in tort to passengers, and to persons in the exercise of due care who are not passengers or in the employment of the authority, for personal injury and for death and for damages to property in the same manner as though it were a street railway company; provided that any action for such personal injury or property damage shall be commenced only within two years next after the date of such injury or damage and in case of death only within two years next after the date of the injury which caused the death.

"The directors shall have charge of and supervise the investigation, settlement and defense of all such claims and of all other suits or actions relating to the property or arising out of the construction, maintenance or operation of the authority."

§ 21 should be read as applying solely to the MBTA. The language of § 21 does not so provide. It was taken almost verbatim from the enabling act of the MBTA's statutory predecessor, and in particular from the provisions of St. 1947, c. 544 ("An Act providing for the creation of the Metropolitan Transit Authority and the acquisition and operation by it of the entire assets, property and franchises of the Boston Elevated Railway Company."), § 20, as amended by St. 1948, c. 147, § 1, which (by virtue of St. 1948, c. 147, § 2) took effect as of the effective date of St. 1947, c. 544.[3] By what are now the first and second paragraphs of G. L. c. 161A, § 21, the Legislature made what is now the MBTA liable in tort to passengers and others not in its employ who might suffer personal injuries or property damage by reason of the negligence of the servants and employees of what is now the MBTA. By what is now the first paragraph of § 21 the Legislature immunized those who are now the directors of the MBTA (G. L. c. 161A, § 6, as amended) from personal liability in tort "except for malfeasance in office." There was no comparable immunization of the servants and employees although it was common knowledge that actions of tort arising out of the operation of the Elevated (see note 3, *supra*) had occasionally been brought against the operators of its vehicles as well as against the Elevated itself.[4]

---

[3] Ancestors of § 20, as so amended, are to be found in St. 1897, c. 500, § 21, and in Sp. St. 1918, c. 159 ("An Act to provide for the public operation of the Boston Elevated Railway Company."), § 2. Some of the history of the public operation, takeover and expansion of what was popularly known as the "Elevated" appears in *Attorney Gen.* v. *Trustees of Boston Elev. Ry.,* 319 Mass. 642 (1946), in *Boston Elev. Ry.* v. *Metropolitan Transit Authy.,* 323 Mass. 562 (1949), and in *Massachusetts Bay Transp. Authy.* v. *Boston Safe Deposit & Trust Co.,* 348 Mass. 538 (1965).

[4] See, e.g., *Obrey* v. *McCarthy,* 305 Mass. 83, n.1 (1940); *Ambrose* v. *Boston Elev. Ry.,* 309 Mass. 219, 219-220 (1941). Actions against individual operators are still encountered. See, e.g., *Gorman* v. *Massachusetts Bay Transp. Authy.,* 350 Mass. 760 (1965); *Herwitz* v. *Massachusetts Bay Transp. Authy.,* 353 Mass. 594, 595 (1968); *Mirageas* v. *Massachusetts Bay Transp. Authy.,* 391 Mass. 815, 817 n.2 (1984); *Hebert* v. *Massachusetts Bay Transp. Authy.,* 1 Mass. App. Ct. 670, 670-671 (1974); *Brown* v. *Massachusetts Bay Transp. Authy.,* 4 Mass. App. Ct. 837 (1976); *Cook* v. *Massachusetts Bay Transp. Authy.,* 13 Mass. App. Ct. 1032 (1982).

The servants and employees who might be sued in tort were to be protected by what is now the third paragraph of § 21, which provides that "[t]he directors shall have charge of and supervise the settlement and defense of all such claims and of all other suits or actions . . . arising out of the . . . operation of the authority."[5] Even if we were to say that the words "such claims" relate only to actions brought against the MBTA alone, we would have to conclude that the phrase "all other suits or actions . . . arising out of the . . . operation of the authority" is broad enough to cover an action brought against an employee of the MBTA acting within the scope of his authority, whether the employee is sued alone or joined as a defendant in an action brought against the MBTA. When the language just quoted is read in conjunction with the imperative of the opening clause of the third paragraph of § 21, it will be seen that the directors are under a duty to take over the settlement and defense of all actions brought against employees acting within the scope of their authority as well as the settlement and defense of all actions brought against the MBTA alone. The employee is excluded from the management of the defense, very likely because, as a practical matter, he is not expected to make a monetary contribution to any settlement or the payment of any adverse judgment.

Thus, for present purposes, the MBTA is to be taken as the real party in interest whenever it appears for one of its employees in an action brought to recover damages for the negligent infliction of personal injuries or property damage. That being so, we are of opinion that all the reasons for perpetuating the two-year period of limitations in § 21 which were relied on in the *Hearn* and *Thomas* cases, *supra*, should apply with equal force to actions brought against employees of the MBTA whenever it undertakes their defense.[6] It follows that the

[5] For some reason we do not understand, the plaintiff's brief nowhere refers to the third paragraph of § 21.

[6] We reach this conclusion without reliance on the advice set out in an affidavit filed below by its general counsel that the MBTA does in fact defend and indemnify its employees against liability under § 21 whenever it is determined that the employees were acting within the scope of their

Superior Court was correct in dismissing the present action as to both defendants.

*Judgment affirmed.*

employment and in furtherance of the MBTA's business. We do not know whether this practice was known to the counsel for the plaintiff who commenced this action. The plaintiff is represented by different counsel on appeal.