Wright, J.
This is the plaintiff's Dist./Mun. Cts. R. A D. A, Rule 8A appeal of the allowance of the defendant’s motion to dismiss on the basis of the statute of limitations.
The record indicates that on September 23, 1994, the plaintiff sustained personal injuries in a fall allegedly caused by a defect in a public sidewalk located outside of, and immediately adjacent to, defendant Massachusetts Bay Transportation Authority’s (“MBTA”) Maverick Square Station.[1] On October 4, 1994, within 30 days of the incident, the plaintiff served the MBTA with notice of her claim as required by G.L.C. 84, §18. The plaintiff filed this suit against both the *249 MBTA and the City of Boston on September 19,1997, prior to the expiration of the three year statute of limitations prescribed by G.Lc. 84, §18 for actions pursuant to G.L.C. 84, §15 for defects in public ways.
The MBTA thereafter moved for dismissal on the grounds that the plaintiffs tort claim was instead governed by the two year statute of limitations set forth in G.L.c. 161A, §21 and was thus time-barred. After hearings the motion was allowed. We reverse.
1. The MBTA’s principal contention is that G.Lc. 161A, §121 is a “special” statute of limitations whose shortened two year limitations period evidences the Legislature’s intent to grant favorable treatment to the MBTA as a tort defendant because of its public obligations. The statute in question has indeed been characterized as a “special” statute of limitations, Hearn v. Massachusetts Bay Transp. Auth., 389 Mass. 404, 407 (1983), whose two year time bar can be rationally explained in terms of the MBTA’s “unique position as a provider of public transportation to a large segment of the population.”[2] Id. at 406. It does not necessarily follow, however, that any and all tort actions, including those largely unrelated to actual transportation activities and operations by the MBTA are governed by the two year time limitation, as the MBTA insists here.
The statute[3] expressly prescribes a two year limitations period for those claims for personal injury or property damage in which the MBTÁ may be liable in negligence “in the same manner as though it were a street railway company.” The MBTA has cited no case in which the two year limitations period of G.L.c. 161A, §21 was applied to any claim not involving MBTA passengers, nonpassenger pedestrians or motorists injured by MBTA vehicles or equipment, or parties injured on MBTA premises. See, e.g., Hearn v. Massachusetts Bay Transp. Auth., supra (plaintiff-bicyclist struck by MBTA bus); Thomas v. Massachusetts Bay Transp. Auth., 389 Mass. 408 (1983) (plaintiff injured as MBTA passenger); Lijoi v. Massachusetts Bay Transp. Auth., 28 Mass. App. Ct. 926 (1990) (consortium claim by wife and children of MBTA police officer attacked and injured on duty); Jomides v. Massachusetts Bay Transp. Auth., 21 Mass. App. Ct. 592 (1986) (plaintiff injured in MBTA bus accident); Magaw v. Massachusetts Bay Transp. Auth., 21 Mass. App. Ct. 129 (1985) (plaintiff attacked in MBTA subway station underpass). That the two year period does not govern all actions against the MBTA is clear from the third paragraph of §21, which distinguishes the claims in the preceding paragraph in which the limitations period is set forth from “all other suits or actions relating *250 to the property or arising out of the construction, maintenance or operation of the authority” Illustrative of such “other suits or actions” are those provided for in G.Lc. 161, §89 which governs the MBTA’s “duty ... with regard to the repair of public ways traversed by its vehicles, and hence its liability for want of such repair” in certain specified circumstances not pertinent here.[4] Bateman v. Massachusetts Bay Transp. Auth., 11 Mass. App. Ct. 940 (1981). What is relevant is that Section 89 expressly provides that such actions shall be “commenced in the manner provided” by G.L.c. 84, §18. As the only provision in G.L.c. 84, §18 which deals with the commencement of an action is the three year limitations period, suits against the MBTA under G.L.c. 161, §89 are governed by the same G.L.c. 84, §18 three year statute of limitations upon which the plaintiff relies herein.
2. Having determined that the limitations provision of G.L.C. 161A, §21 does not necessarily apply in all actions against the MBTA, we further conclude that the plaintiffs present action is a G.L.c. 84, §15[5] claim subject to the notice requirement and three year statute of limitations of G.L.c. 84, §18.[6]
It is “well-established in this Commonwealth that the exclusive remedy for a claim of personal injury or property damage against a governmental entity responsible for defects in a way is G.L.c. 84, §15 [emphasis supplied].” Minasian v. Somerville, 40 Mass. App. Ct. 25, 26 (1996), quoting from Wolf v. Boston Water & Sewer Commn., 408 Mass. 490, 492 (1990). See also, Huff v. Holyoke, 386 Mass. 582, 585 (1982); Estabrook v. Somerville, 1996 Mass. App. Div. 38, 39. The exclusivity of the statutory remedy was expressly preserved by the Legislature in enacting the Mass. Tort Claims Act Mix v. Commonwealth, 408 Mass. 736, 737 (1990); Gallant v. Worcester, 383 Mass. 707, 711 (1981). The complaint in this case sought recovery for injuries resulting from the negligent failure to repair a large hole or defect in the public sidewalk in front of an MBTA station. “By grounding [her] claim on a defect in a municipal way,” the plaintiff bound herself “exclusively to the remedial provisions of G.L.c. 84.” Baird v. Massachusetts Bay Transp. Auth., 32 Mass. App. Ct 495, 498 (1992). Indeed, in Baird, the MBTA obtained summary judgment in its favor by arguing that the plaintiff’s claim therein for personal injuries sustained when she fell over an MBTA sign post stump in a public sidewalk was in fact a G.L.C. 84, §15 claim governed by G.L.c. 84, §18, and that the plaintiffs failure to give the MBTA the thirty day notice mandated by §18 precluded any right of recovery.
*251 The MBTA now argues that while, under Baird, the §18 notice requirement applies to any G.Lc. 84 claims brought against it, the three year statute of limitations set forth in the same sentence of §18 does not apply to such claims, and that it remains entitled to the protection of the two year G.Lc. 161A, §21 limitations period even in G.L.c. 84 actions. There is nothing in the statute to indicate, nor do we deem it likely, that the Legislature intended for the statute to be split, permitting G.L.c. 84, §18 to govern for notice purposes but not for limitations purposes. As the “gist of the action” or the essence of the plaintiffs claim is the negligent failure to repair a defect in a public way, the special G.Lc. 84, §18 three year statute of limitations clearly prescribed for such a G.L.c. 84, §15 claim is applicable in this case. See Beaconsfield Towne House Condo. Trust v. Zussman, 401 Mass. 480, 485 (1988); Bay State-Spray & Provincetown SS., Inc. v. Caterpillar Tractor Co., 404 Mass. 103, 107 (1989); Hendrickson v. Sears, 365 Mass. 83, 85 (1974).
Accordingly, as the plaintiff’s action was properly commenced prior to the expiration of the three year statutory limitations period, the allowance of the MBTA’s motion to dismiss is hereby reversed. This action is returned to the trial court for further proceedings.
So ordered.

 Both parties have apparently assumed for purposes of the defendant’s Mass. R. Civ. R, Rule 12(b) motion that the MBTA was in some manner legally obligated to maintain and repair the sidewalk in question.

 Six years later, in rejecting the MBTA’s argument that it was entitled to the favorable treatment intended by the Legislature when it provided for a shortened two year limitations period in G.L.C. 161A, §21, the Court stated that “when the MBTA statute was inserted in 1964, the statute of limitations generally applicable to tort claims was also two years. [Citation omitted]. Thus we may not attribute to the Legislature an intention to adopt a shortened statute of limitations.” O’Brien v. Massachusetts Bay Transp. Auth., 405 Mass. 439, 442 (1989).

 Paragraphs 2 and 3 of G.L.c. 161A, §21 provide: “The authority shall be liable in tort to passengers, and to persons in the exercise of due care who are not passengers or in the employment of the authority, for personal injury and for death and for damages to property in the same manner as though it were a street railway company; provided that any action for such personal injury or property damage shall be commenced only within two years next after the date of such injury or damage and in case of death only within two years next after the date of the injury which caused the death.
“The directors shall have charge of and supervise the investigation, settlement and defense of all such claims and of all other suits or actions relating to the property or arising out of the construction, maintenance or operation of the authority.”

 General Laws c. 161, §89 provides, in relevant part: “Such company shall be liable for any loss or injury sustained by any person in the management and use of its tracks and during the construction, alteration, extension, repair or renewal of its railway, or while replacing the surface of any way disturbed as aforesaid, and resulting from the carelessness, neglect or misconduct of its agents or servants who are engaged in the prosecution of such work, if notice of such loss or injury is given to the company and an action therefor is commenced in the manner provided by section eighteen of chapter eighty-four [emphasis supplied].”

 General Laws c. 84, §15 states, in relevant part: “If a person sustains bodily injury ... by reason of a defect or want of repair... upon a way, and such injury or damage might have been prevented ... by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may ... recover damages therefor from such county, city, town or person...”

 Section 18 provides: “A person so injured shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage; and if the said county, city, town or person does not pay the amount thereof, he may recover the same in an action of tort if brought within three years after the date of such injury or damage.”