Welsh, J.
This is an action based upon a claim of negligence on the part of the defendants. The sole issue in this case was whether the claim was time-barred by the statute of limitations. The trial judge was persuaded that the claim was barred and allowed defendants’ motion to dismiss agreeable to Rule 41(b)(2), Mass. R. Civ. P. We agree with the trial judge.
The plaintiff asserts a negligence claim resulting from a fell in which she sustained personal injuries on July 10,1997 at the JFK MBTA station. This action was commenced July 22, 1999, more than two years after the accident The fall was occasioned by an unnatural accumulation of water on the platform as a result of washing and cleaning the platform by employees at Fair view Company, Inc., a cleaning contractor engaged by the MBTA
The issue in this case is simply stated. Does the two-year statute of limitations *242 imposed by G.L.c. 161A, §38 apply so as to bar the action, or rather does the more general three-year statute of limitations set forth in G.L.c. 260, §2A apply so that the action was not time-barred.
In construing a statute, one first looks to its wording. If the language is clear and unambiguous and applicable to the facts in the case, it is the duly of the courts to apply the language without recourse to an inquiry as to some supposed legislative intent White v. City of Boston, 425 Mass. 250, 253-254 (1998). The pertinent language of G.L.c. 161, §38 is as follows:
The [MBTA] shall be liable in tort to passengers, and to persons in the exercise of due care who are not passengers or in the employment of the [MBTA], for personal injury or for death and for damages to property in the same manner as though it were a street railway company, provided that any action for such personal injury or property damage shall be commenced only within two years next after the date of such injury or damage and in case of death only within two years next after the date of injury which caused death.
Plaintiff who was injured as a result of a fall caused by unnatural accumulation of water on a platform and owned and/or maintained by the MBTA is clearly encompassed within the provisions of this statute. That a different statute of limitations for claims for personal injury against the MBTA is justified was decided in the case of Hearn v. MBTA, 389 Mass. 404 (1983). The special public obligations of the MBTA as the provider of public transportation in the Boston Metropolitan area warranted a legislative decision to treat the MBTA differently with regard to the statute of limitations. The case also held that G.L.c. 260, §2A dealing with the commencement of personal injury actions and imposing a three-year statute of limitations did not, by virtue of subsequent reenactment, implicitly repeal the two-year statute provided by G.L.c. 161A The case of Thomas v. Massachusetts Bay Transportation Authority, 389 Mass. 408 (1987) made it clear that the shorter statute of limitations was applicable even if the plaintiff sought to frame his action in terms of contract rather than in tort
We need not reach the issue whether there might be a legally relevant distinction between activities of the MBTA that are directly related to its function as a provider of public transportation and those activities which are remote and are but indirectly related to its function as provider of transportation. This sort of distinction was posited in the case of Lavecchia v. MBTA, 1998 Mass. App. Div. 248. Whatever merits such a distinction might have in other contexts, it is clear that in this case the plaintiff was a person injured while on the platform maintained by the MBTA at its JFK station on the Red Line. This was directly related to its public transportation function. The Lavecchia case rested upon a somewhat different factual predicate. The plaintiff was injured on a public sidewalk adjacent to the MBTA station and proceeded against the MBTA under G.L.C. 84, §15, the defect in public way statute. Even if one were to assume that these factual differences and the difference in legal theory were not juridically significant, we would not be inclined to adopt the reasoning and reach the same conclusions as in the Lavecchia case. The principle of stare decisis is not applicable among the several Appellate Division Districts. See Stewart v. Dutra Construction Co., Inc., 230 F3d 461 (1st cir. 2000); Sherman & Son v. Corin, 73 F2d 468 (1st cir. 1934).
The order allowing the motion to dismiss was correct The appeal is dismissed.
So ordered.