Premier Insurance Company of Massachusetts vs. Jean
E. Furtado[1] & others.[2]

Hampshire. October 9, 1998. - December 15, 1998.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*Insurance*, Unfair act or practice, Settlement of claim, Construction of policy.
*Consumer Protection Act*, Insurance, Unfair or deceptive act.

An insurer did not commit an unfair settlement practice by declining to pay
the policy limit on claims in which liability clearly exceeded the limit,
without receiving releases of both its insureds, in circumstances in which
the insurer had a reasonable and good faith belief that it was not obliged to
make a payment and took active steps to resolve the dispute. [509-510]
In circumstances in which an insurer's obligation to pay its policy limits to an
injured claimant was inevitable and in which the insurer had no continuing
duty to defend its insureds, the funds, placed by the insurer in an interest-
bearing account pending determination of its obligations, were to be paid
to the claimant. [510-511]

Civil action commenced in the Superior Court Department on
November 30, 1995.

The case was heard by *Wendie I. Gershengorn*, J., on motions
for summary judgment, and an amended summary judgment
was entered by *Vieri Volterra*, J.

The Supreme Judicial Court granted an application for direct
appellate review.

*Carol A. Griffin* (*Karyn T. Hicks* with her) for the plaintiff.
*David C. Kuzmeski* for the defendants.
*Edwin L. Wallace* & *John J. St. Andre, Jr.*, for Massachusetts
Academy of Trial Attorneys, amicus curiae, submitted a brief.

Wilkins, C.J. The plaintiff insurance company (Premier) filed
an action seeking a determination of its obligations as insurer of
Ruben Goldberg (husband) and Julia Goldberg (wife). The wife

---

[1]Individually, as administratrix of the estate of Joseph D. Furtado, Sr., and
as administratrix of the estate of Justin William Furtado.
[2]Rubin Goldberg and Julia Goldberg.

was the operator of a motor vehicle, owned by the husband, which on November 8, 1994, in Belchertown, struck a second vehicle causing the death of its occupants Joseph D. Furtado, Sr., and his son, Justin. There is no doubt that the wife, who was intoxicated and later pleaded guilty to two counts of motor vehicle homicide, was at fault in the accident and that the damages for which she would be liable greatly exceeded the limits of the Goldbergs' compulsory motor vehicle insurance policy. There was doubt about the husband's liability because the wife asserted that she was operating the vehicle solely for her own use.[3]

On February 7, 1995, former counsel for Jean E. Furtado (Furtado), administratrix of Justin's estate, wrote the insurer demanding payment of the coverage limit of the Goldbergs' policy. In response, Premier rejected the applicability of the rule announced in *Thaler* v. *American Ins. Co.*, 34 Mass. App. Ct. 639, 643 (1993), in which the Appeals Court interpreted what an unfair settlement practice would be under G. L. c. 176D, § 3 (9) (*f*). Premier declined to pay the policy limit in the absence of releases of both its insureds. Alternatively, it offered to commence a declaratory judgment action and to place the policy proceeds with the court. This action followed. By agreement with the representative of both estates, Premier placed the policy limits ($40,000) of the Goldberg policy in an interest-bearing account.

A judge in the Superior Court decided the case on cross motions for summary judgment filed by Premier and Furtado. Premier sought a declaration that it was not obliged to pay the policy limit without obtaining releases of its insureds, and that, if it was obliged to pay the policy limits without obtaining releases, it would have no further duty to defend the Goldbergs. The Goldbergs did not appear. Furtado filed a counterclaim seeking a declaration that Premier violated G. L. c. 93A. The judge ordered entry of a judgment that declared that Premier had an obligation to pay Furtado the "per accident" policy limits of the automobile insurance policy without obtaining a release in favor of the Goldberg defendants. In addition the

---

[3]General Laws c. 231, § 85A, states that ownership of a motor vehicle is prima facie evidence that it was "being operated by and under the control of a person for whose conduct the defendant [owner] was legally responsible." Absence of responsibility is an affirmative defense. *Id.* The Furtados also claimed that the husband negligently entrusted the insured vehicle to the wife.

judgment stated that Premier "does not have a continued duty to defend the Goldbergs in an underlying lawsuit." On the Furtado counterclaim, the judgment declared that Premier violated G. L. c. 93A, § 2, but that it did not act in bad faith. Judgment was entered in the amount of Furtado's "actual damages, the interest in the interest-bearing account, or the nominal damages provided by G. L. c. 93A, § 9 (3)." Premier appealed. We allowed its application for direct appellate review.

In *Lazaris* v. *Metropolitan Prop. & Cas. Ins. Co.*, *ante* 502 (1998), decided today, we overruled the prospective rule announced in the *Thaler* case construing G. L. c. 176D, § 3 (9) (*f*). Premier did not challenge the *Thaler* rule in the Superior Court, and we decline to accept, and need not accept, its belated challenge to that rule on appeal. See *Larson* v. *Larson*, 28 Mass. App. Ct. 338, 341 (1990), and cases cited.

The *Thaler* case, as it discussed its prospective rule, and the *Lazaris* case, as it was presented to us, involved a single claimant and a single insured. Here there are two insureds.[4] As to one, the wife, liability has become reasonably clear (and more so) and her potential liability to each claimant greatly exceeds the policy limit. As to the husband, liability is not reasonably clear. Under the *Thaler* rule, if the wife had been the sole insured, Premier would be obliged to pay the policy limits without the right to insist on a release.[5]

One view of the question we must decide is whether the *Thaler* rule applies only when the liability of all insureds is reasonably clear or whether it applies when the liability of only one of two or more insureds is reasonably clear. The trial judge adopted the latter position and concluded that Premier had engaged in an unfair settlement practice in violation of G. L. c. 176D, § 3

---

[4]There are three claimants (the two estates and Jean Furtado, the mother and wife, respectively, of the two decedents, who saw the accident from a vehicle following that driven by her husband). This case does not involve the allocation of the per accident policy limits among claimants.

[5]Under the rule of *Lazaris* v. *Metropolitan Prop. & Cas. Co.*, *ante* 502 (1998), assuming only one insured, Premier would not be obliged to make any payment in the absence of a release from a claimant. In this case, where there are two insureds, Premier has no obligation to settle as to the insured whose liability is not reasonably clear and would have no obligation to settle as to the insured whose liability is reasonably clear, in the absence of a release, if the rule of the *Lazaris* case were applicable. That rule is not applicable in this case, however, because Premier did not challenge the rule of *Thaler* v. *American Ins. Co.*, 34 Mass. App. Ct. 639, 643 (1993), in the lower case.

(9) (*f*), but was not liable for multiple damages under G. L. c. 93A, § 9.

The issue for decision could be viewed differently: May an insurer who reasonably believes that its obligation to pay a claimant without a release is not reasonably clear be liable for an unfair settlement practice even if it is reasonably clear that an insured is liable to the claimant and the likely damages exceed the policy limit? This is the approach that the Appeals Court took in deciding the *Thaler* case in favor of the insurer. "There was no violation of G. L. c. 176D, § 3 (9) (*f*), because [the insurer's] liability to the plaintiff was not 'reasonably clear.' " *Thaler* v. *American Ins. Co.*, 34 Mass. App. Ct. 639, 643 (1993).

We favor the latter approach. If an insurance company has a reasonable and good faith belief that it is not obliged to make a payment to a claimant who is asserting a violation of G. L. c. 93A and G. L. c. 176D, § 3 (9), asserts the point, and offers to take active steps to resolve the dispute, the company's action, even if ultimately held to be based on a misinterpretation of the law, would not be an unfair settlement practice. "[T]here was no applicable precedent to guide [the insurer's] action in a matter which presented a worthy question of law." *Id.* See *Boston Symphony Orchestra, Inc.* v. *Commercial Union Ins. Co.*, 406 Mass. 7, 14-15 (1989); *Gulezian* v. *Lincoln Ins. Co.*, 399 Mass. 606, 613 (1987) ("An insurance company which in good faith denies a claim of coverage on the basis of a plausible interpretation of its insurance policy is unlikely to have committed a violation of G. L. c. 93A").

Premier had a reasonable basis for refusing the demand that it pay over the policy limit. The *Thaler* case was not clear authority in support of Premier's obligation to pay over the policy limits. Premier agreed to commence an action to obtain a determination of the disputed issue and to place the amount of the policy limits in a bank account, agreeing to pay whatever interest it might ultimately owe in excess of interest earned in the account. Premier did not commit an unfair settlement practice in violation of G. L. c. 176D, § 3 (9) (*f*).

There remains the question of the disposition of the amount of the policy limits now held in an interest-bearing account. We conclude that the judgment should direct the payment of the amount of the policy limits to Furtado. Neither insured appeared in the trial court to protect his or her interests, and

neither has appealed from the judgment ordering the payment of the policy limits to Furtado. There is no prospect that either of the insureds will have a valid claim against Premier if it pays over the amount of the policy limits without obtaining releases. There is also no prospect that Furtado, as administratrix of her husband's and her son's estates, will not be able to recover judgment against the wife well in excess of the policy limits. Premier's obligation to pay the amount of the policy limits is inevitable. Because we hold that Premier is not liable for a violation of G. L. c. 93A or G. L. c. 176D, § 3 (9) (*f*), its interests are protected.

We vacate the judgment. A judgment shall be entered declaring that Premier Insurance Company of Massachusetts did not violate G. L. c. 93A or G. L. c. 176D, § 3 (9) (*f*), in declining to pay over the policy limit in the absence of releases from the plaintiffs in the underlying case; that Premier has no continuing duty to defend its insureds, the Goldbergs, once it pays the policy limit to the plaintiffs in the underlying case; and that all funds held in the account into which the amount of the policy limits were placed shall be paid to Furtado.

*So ordered.*