## Phoenix Home Life Mutual Insurance Co. *vs.* Esther R. Brown, executrix,[1] & others.[2]

No. 98-P-1618.

Suffolk. April 13, 2000. - July 12, 2000.

Present: Kass, Porada, & Lenk, JJ.

*Insurance,* Life insurance, Life insurance: change of beneficiary, Settlement of claim, Unfair act or practice. *Consumer Protection Act,* Insurance, Unfair act or practice.

A Probate Court judge correctly concluded that an insurer, which had taken active steps to resolve the question of the proper payee of the proceeds of a life insurance policy, had a reasonable and good faith belief that it could not, under the terms of the policy, lawfully make payment of policy proceeds to a certain trust; and further, that the insurer's conduct in requesting a release as a condition of payment did not amount to an unfair settlement practice or a violation of G. L. c. 93A. [660-662]

In circumstances in which an insurer had placed disputed policy proceeds in an escrow account within fourteen days after the entry of partial summary judgment and before final judgment, there was no basis for a judge to have found that the insurer had failed to pay over the proceeds as ordered to a particular party or that the insurer's conduct amounted to a violation of G. L. c. 93A. [662-663]

Civil action commenced in the Superior Court Department on February 16, 1995.

Motions for summary judgment were heard by *R. Malcolm Graham,* J., and *Herman J. Smith, Jr.,* J., and the case was tried before *Thayer Fremont-Smith,* J.

*Jeffrey L. Allen* for the defendants.

*William Shields* for the plaintiff.

Porada, J. The plaintiff brought a complaint for interpleader and declaratory relief in the Superior Court against the

---

[1]Of the estate of Kenneth R. Brown.

[2]Esther R. Brown and State Street Bank and Trust Company as co-trustees of the Kenneth R. Brown Irrevocable Trust.

defendants to determine the proper beneficiary of a life insurance policy on the life of Kenneth R. Brown. The defendants filed a counterclaim containing three counts. The first and second counts sought a declaration directing the plaintiff to pay the proceeds to Esther R. Brown (Esther) as trustee of the Kenneth R. Brown Irrevocable Trust (trust) and the third count sought damages for a violation of G. L. c. 93A, based on alleged unfair settlement practices of the plaintiff. A Superior Court judge allowed the defendants' motion for summary judgment on the first count of their counterclaim, directing the plaintiff to pay the proceeds to Esther as trustee. Thereafter, the defendants filed a motion for summary judgment on the third count of their counterclaim. This motion was allowed by a second Superior Court judge who found that the plaintiff's insistence on a release from the defendants as a condition of payment of the life insurance proceeds to the trust constituted an unfair settlement practice in violation of G. L. c. 176D, § 3, and G. L. c. 93A. The defendants then filed a motion for entry of final judgment. The motion was denied on the ground that a hearing on the assessment of damages was required on the third count of the counterclaim, the violation of G. L. c. 93A.

A third Superior Court judge conducted a trial on the issues of a wilful and knowing violation of G. L. c. 93A and damages. Upon the conclusion of the trial, and contrary to the motion judge's ruling, the trial judge determined that the plaintiff's insistence on a release as a condition of payment of the life insurance proceeds was not itself a violation of G. L. c. 93A. Instead, the judge ruled that the plaintiff's failure to pay the proceeds to the trust *after* the first Superior Court judge had directed the plaintiff to do so constituted an unfair settlement practice under G. L. c. 176D, § 3(9), and a wilful and knowing violation of G. L. c. 93A. The judge then ordered judgment to enter for the defendants in the amount of the policy plus double the amount of statutory interest of twelve percent on that amount, calculated from August 14, 1995, the date on which summary judgment was allowed on the first count of the counterclaim.

Both parties have appealed. The plaintiff insurance company's primary contention is that its request for a release as a condition of payment of the proceeds to the trust and its failure to pay the proceeds to the trust after being directed to do so by a Superior Court judge were lawful, and did not constitute a violation of

G. L. c. 93A. The defendants, as counterclaimants, make two principal arguments: (1) that the judge erred in his calculation of punitive damages and award of attorneys' fees; and (2) that the judge erred in ruling that the plaintiff did not commit a violation of G. L. c. 93A in demanding a release from the defendants as a condition of payment of the policy proceeds to the trust.

We summarize the facts. On or about August 15, 1980, the plaintiff issued a life insurance policy to Edel-Brown Tool & Die Co., Inc. (Edel-Brown), on the life of Kenneth R. Brown (Kenneth). On June 2, 1983, Edel-Brown transferred ownership of the policy to the KHE Corporation (KHE), of which Kenneth was a principal stockholder and corporate officer. On April 15, 1993, Kenneth executed a form entitled "Change of Owner/ Account & Beneficiary to a Trust" naming Esther, as trustee, as the beneficiary of this policy. The beneficiary's taxpayer .identification number identified on the form was the number belonging to the trust.

However, the policy required any change of ownership or designation of beneficiary to be made by the owner of the policy, which on April 15, 1993, was KHE, not Kenneth. On April 23, 1993, KHE, through its president, executed an assignment of the policy to Kenneth. The assignment of ownership to Kenneth was mailed to the plaintiff by KHE's insurance agent on May 8, 1993. On May 17, 1993, the plaintiff acknowledged receipt of the same and sent a memo to the insurance agent advising the agent that, if Kenneth wished to designate a beneficiary other than his estate, he should execute the form which was enclosed. On August 5, 1993, Kenneth died. The plaintiff never received a change of beneficiary form from Kenneth after Kenneth had become the owner of the policy on April 23, 1993.

On August 16, 1993, Esther, as trustee of the trust, filed a claim for payment of the life insurance proceeds to the trust. On September 1, 1993, the plaintiff advised the defendants' insurance agent that the plaintiff would have to pay the proceeds to Kenneth's estate because, according to the plaintiff's records, the designation of the trust as the beneficiary of the policy had not been made by an owner of the policy, and that if the estate wished the trust to receive the proceeds, then the plaintiff would require a release and indemnification agreement to be signed by the parties involved.

On October 14, 1993, the defendants' lawyer advised the

plaintiff that, due to some probate concerns, it would not be acceptable that the proceeds be paid to the estate, and that Esther, as the executrix of the estate, would sign the necessary paperwork to obtain payment. On November 18, 1993, the plaintiff sent a release and indemnity agreement to be signed by the defendants in exchange for payment of the proceeds to the trust. The plaintiff did not hear from the defendants again until July, 1994. In September, 1994, the defendants' attorney advised the plaintiff's agent that the State Street Bank and Trust Company, a co-trustee of the trust, would not sign the release because the bank, along with Esther, was the trustee not only of this trust but also of another trust known as the Kenneth R. Brown 1989 Trust in which there was a difference in the degree of interest of the beneficiaries, and the execution of the release might well be construed as an admission that the trust was not entitled to the proceeds. The plaintiff and defendants continued to negotiate to resolve the dispute. The plaintiff suggested that the executrix seek approval from the Probate Court to pay the proceeds to the trust and offered to pay the expenses of this procedure. This suggestion was rejected by the defendants because the executrix was of the opinion that the public nature of a probate proceeding might have an adverse effect on her negotiations with third parties for the acquisition of her late husband's interest in KHE. Unable to negotiate a settlement, the plaintiff then filed this interpleader action in the Superior Court.

While the defendants' motion for summary judgment under the first count of their counterclaim was pending in the Superior Court, the plaintiff and the defendants executed an escrow agreement under which the plaintiff agreed to pay the face amount of the policy and accrued interest to an escrow agent,[3] who was to hold the same in an interest bearing account until such time as the court determined who was entitled to the proceeds or until the plaintiff and defendants agreed on who should be paid the proceeds. On or about August 25, 1995, the plaintiff forwarded a check in the sum of $274,331.99 to the escrow agent. This sum included accrued interest under the terms of the policy from the date of Kenneth's death to August 25, 1995. At the date of the scheduled hearing on the assessment of damages, this sum apparently had not been paid by the escrow agent to the trust.

The dispositive issue in this case is whether the plaintiff's

---

[3]The escrow agent was also the defendant's trial and appellate counsel.

conduct in the handling of the trust's claim for payment of the life insurance proceeds constituted an unfair settlement practice under G. L. c. 176D, § 3(9), and, thus, a violation of G. L. c. 93A. The defendants argue that the insistence on a release as a condition of payment of the proceeds to the trust constituted an unfair settlement practice under G. L. c. 176D, § 3(9)(*f*),[4] because it was clear that the policy holder, Kenneth, had substantially complied with the policy requirements in naming the trust as his beneficiary, and payment of the policy proceeds to the trust would not have exposed the plaintiff to any liability. The defendants argue also that the trial judge's failure to abide by the motion judge's ruling to this effect was not only an abuse of discretion but also an error of law.

Although there is no duty to reconsider an issue or a question of fact or law, once decided, the power to do so remains in the court until final judgment. See *Peterson* v. *Hopson*, 306 Mass. 597, 601 (1940); *Linkage Corp.* v. *Trustees of Boston Univ.*, 425 Mass. 1, 14, cert. denied, 522 U.S. 1015 (1997). Here, the judge's decision was based on a two-day trial involving the subject matter of the prior motion for summary judgment. In light thereof, there is no basis for ruling that the judge abused his discretion in reaching a decision different from that of the motion judge.

The judge was correct in concluding that the plaintiff had engaged in neither an unfair nor a deceptive act or practice in insisting on a release from the defendants before payment to the trust. Kenneth, after he had become the owner of the policy, had not informed the plaintiff of his desire to name the trust as his beneficiary. Implicit in the trial judge's findings is the judge's determination that the plaintiff had a reasonable and good faith belief that it could not lawfully make payment to the trust under the terms of its policy and the judge's recognition that the plaintiff had taken active steps to resolve the dispute. In these circumstances, even if we were to assume, without so deciding, that the plaintiff wrongly determined that it could not legally pay the trust under the terms of its policy without exposing itself to liability to claims by third parties, the plaintiff's conduct would not have amounted to an unfair settlement practice or a violation of G. L. c. 93A. See *Premier Ins. Co. of*

---

[4]Section 3(9)(*f*) lists "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" as an unfair settlement practice.

*Mass.* v. *Furtado*, 428 Mass. 507, 510 (1998) ("If an insurance company has a reasonable and good faith belief that it is not obliged to make a payment to a claimant who is asserting a violation of G. L. c. 93A and G. L. c. 176D, § 3[9], asserts the point, and offers to take active steps to resolve the dispute, the company's action, even if ultimately held to be based on a misinterpretation of the law, would not be an unfair settlement practice"); *Guity* v. *Commerce Ins. Co.*, 36 Mass. App. Ct. 339, 344 (1994) (absence of good faith on part of insurer and presence of extortionate tactics generally characterize action based on unfair settlement practice).

We also decide that the trial judge erred in concluding that the plaintiff had violated G. L. c. 93A in failing to make payment to the trust once the first Superior Court judge entered summary judgment for the defendants under the first count.[5] There was uncontroverted evidence that, after the commencement of this action and before summary judgment entered, the plaintiff had entered into an escrow agreement with the defendants, in which the plaintiff had agreed to deposit the policy proceeds with an escrow agent, the defendants' attorney, and did so within fourteen days after the entry of summary judgment under the first count. The escrow agreement provided that the escrow agent was to hold the proceeds until "the Court makes a determination as to who is entitled to be paid the Benefit under the Policy, or [the plaintiff and defendants] agree who is to be paid the Benefit." Accordingly, the escrow agent was free to distribute the proceeds to the defendants if he chose to do so without the consent of the plaintiff. There was no evidence that the escrow agent had done so or had requested the plaintiff's consent to do so once summary judgment entered under the first count. In these circumstances, particularly where the entry of summary judgment under the first count was not a final judgment, the judge's conclusion that the plaintiff had committed an unfair settlement

---

[5]The plaintiff also asserts that, in reaching this conclusion, the trial judge erred in advancing a theory of recovery that neither plaintiff nor defendants advanced in their pleadings or litigated by consent at trial. See *Harrington-McGill* v. *Old Mother Hubbard Dog Food Co.*, 22 Mass. App. Ct. 966, 968 (1986) ("Unless a theory of recovery is disclosed in the pleadings or is tried by the express or implied consent of the parties, a court may not base its decision thereon"). We need not address this issue in light of our conclusion that the judge's determination that the plaintiff had committed an unfair settlement practice was clearly erroneous.

practice and a violation of G. L. c. 93A in failing to pay the proceeds once summary judgment entered was clearly erroneous. See *Premier Ins. Co. of Mass.* v. *Furtado*, 428 Mass. at 510 (insurance company did not commit an unfair settlement practice when it commenced an action to obtain a determination of the disputed issue and placed the disputed proceeds in an interest bearing bank account while the action was pending).

In light of our conclusion that the defendants cannot recover for a violation of G. L. c. 93A, we need not discuss the award of damages or attorneys' fees made by the judge.

In sum, the judgment is vacated. A judgment shall be entered declaring that the trust is the beneficiary of the policy issued by the plaintiff[6] and that all funds in the escrow account into which the amount of the policy and accrued interest were placed by the plaintiff shall be paid to the trust. All other claims are dismissed.

*So ordered.*

---

[6]The parties did not challenge that portion of the judgment declaring the trust as the beneficiary of the policy.