Fecteau, Francis R., J.
This is a wrongful death action that involves a motor vehicle accident wherein David Kelleher was operating a truck and ran into an automobile operated by the plaintiffs decedent. Kelleher is covered under two insurance policies from Commerce Insurance Company that he had obtained: one, a Massachusetts Commercial Motor Vehicle Policy, with per accident limits of $300,000.00, that insured him and, as an additional insured, the vehicle owner and Kelleher’s lessor, B&G Leasing, Inc., another defendant; the other policy at issue is a Business Owner Policy (“BOP”) insuring him alone, with a limit of $ 1,000,000.00 in bodily injury coverage. Commerce has already tendered the BOP coverage to the plaintiff without demand for a release of liability. It now seeks leave to intervene for the limited purpose, to deposit its motor vehicle coverage with the court and to withdraw its defense of both Kelleher and B&G under the motor vehicle policy and of Kelleher under the BOP policy. For reasons that follow, this motion is allowed in part, to the extent that it seeks to do so under its motor vehicle insurance policy; the motion is denied with respect to its request for leave to withdraw its defense under the business owners policy.
Turning first to the latter policy, namely the business owners policy, the specific policy language governing this issue states as follows: “Our right and duly to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.” Veiy simply, the tender of the coverage limit to the plaintiff was not on account of a judgment nor has it resulted in a settlement. Therefore, the duly to defend must continue to be an operative duty under the policy. That portion of the motion that seeks leave to withdraw from its defense of Kelleher must, therefore, be denied.
The motor vehicle insurance policy stands on a different footing, however, given different policy language: “our duty to defend ends, however, when we tender, or pay to any claimant, or to a court of competent jurisdiction, with the court’s permission, the maximum limits provided under this coverage. We may end our duly to defend at any time during the course of the lawsuit by tendering or paying the maximum limits provided under this coverage, without the need for a judgment or settlement of the lawsuit or a release by the claimant.”
This language first appeared following a decision of the Appeals Court in Aetna Casualty and Surety Co. v. Sullivan, 33 Mass.App.Ct. 154 (1992), in which the court was required to interpret the duty to defend as it pertained to a predecessor policy, the language of which the Aetna court found to be sufficiently ambiguous so as to prevent a withdrawal of defense. As other decisions of this court have held, with support found in the case of Premier Insurance Co. v. Furtado, 428 Mass. 507 (1998), in which the court ordered a judgment to enter that declared that the insurer had no continuing duty to defend its insureds, that the policy language revised from that which had been the subject of the Aetna case, supra, now clearly and unambiguously provides that an insurer in the position of Commerce herein has no further obligation to defend its insureds once the maximum coverage limits are tendered or paid into court with its permission.
Similar to arguments offered to another judge of this court in the case of Fitchburg Mutual Insurance Co. v. Renaud (a decision of which is attached to the motion papers), the insureds herein contend that this court, in the exercise of its discretion whether to grant permission to deposit the funds, should find a public policy in favor of a continuing duly to defend, notwithstanding an argument that can be made that a public policy exists to the contrary, given the approval of *687 insurance language in the motor vehicle insurance policy by the Commissioner of Insurance. However, as did Hinkle, J., in the Fitchburg Mutual case, I do not find a public policy to exist that would require the insurer to continue to be required to defend its insureds in the face of such language in the insurance policy that unambiguously states that their duty to defend ends upon a tendering of the applicable coverage limits. Moreover, nor do I find a policy that militates against the insurer herein due to a lack of guidance being offered as to how the court should use its discretion to disburse funds once deposited, as the intervention mechanism represented by Rule 24 of the Rules of Civil Procedure exists precisely for this situation and for determination under the adversary procedures available in the court, given adequate representation by the interested parties of record. Consequently, so much of the motion that presents a request for leave to intervene, to deposit the applicable limits of motor vehicle coverage and to permit a withdrawal of its defense of its insureds under said insurance policy shall be allowed; the balance of the motion shall be denied for the reasons expressed above.

ORDER ON MOTION

For the foregoing reasons, the motion is allowed in part and denied in part. So much of the motion that presents a request to intervene for a limited purpose of depositing the applicable limits of motor vehicle coverage funds into court and, once done, to permit a withdrawal of its defense of its insureds, the defendants David Kelleher, d/b/a Kelleher Distribution, and B&G Leasing, Inc., under said insurance policy is ordered allowed; the balance of the motion is ordered denied.