THOMAS BUCKLEY *vs.* JULIA FRANKEL.

SAME *vs.* BERT FRANKEL.

WALTERS, INC. *vs.* JULIA FRANKEL.

SAME *vs.* BERT FRANKEL.

Suffolk.　November 17, 1927. — January 4, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Exceptions; Conduct of trial: requests, rulings and instructions, judge's charge. *Evidence,* Competency, Of state of mind.

*It seems* that if an answer is made by a witness before the counsel who is not examining the witness can interpose an objection, the proper course for such counsel is to state that fact to the judge and ask that the answer be struck out.

At the trial of an action by the driver of a motor truck against a woman who was driving an automobile, for personal injuries suffered when the vehicles collided, it was proper to permit the defendant, when asked by her counsel to describe her feelings immediately after the accident as she sat in her car and before alighting from it, to testify that she was stunned.

It is not reversible error to refuse a request for instructions to be given to a jury at a trial, although the instructions asked for are correct in form and applicable to a portion of the evidence, if the judge gives full, fair, correct and clear instructions as to the principles of law governing all the essential issues presented, so that the jury may understand their duty and be enabled to perform it intelligently.

At the trial of the action above described, the plaintiff and the defendant were the two witnesses upon whose testimony the verdict of the jury mainly depended. The judge in his charge made some calculations as

to distance travelled by each motor vehicle in a given time based on that evidence, and then said, "is that probable, or is it probable that something may be the matter with . . . [the plaintiff's] estimates somewhere, . . . it is for you to say. . . . What are the facts? Is . . . [the plaintiff] accurate when he states those distances and rates of speed? And that is for you to consider and determine, among other things." The judge made no calculations as to speed and distance based on the testimony of the defendant. The entire charge stated fairly the respective contentions of the parties and did not overemphasize one part of the evidence as compared with other parts, and did not disclose which witnesses seemed to the judge the more credible, or which party ought to prevail. *Held*, that

(1) The charge did not indicate any opinion by the judge as to the facts, nor did it constitute a violation in any degree of the rights of the plaintiff;

(2) The circumstance, that the judge in his charge stated no calculations as to speed and distance based on the testimony of the defendant, did not render the charge unfair.

FOUR ACTIONS OF TORT for personal injuries to the plaintiff Buckley and damage to a motor truck of the plaintiff corporation, resulting from a collision with an automobile owned by the defendant Bert Frankel and driven by the defendant Julia Frankel. Writs dated December 12, 1924.

In the Superior Court, the actions were tried together before *Hammond*, J. Material evidence and exceptions saved by the plaintiffs are stated in the opinion. The jury found for the defendants and the plaintiffs alleged exceptions.

*D. J. Lyne*, (*J. D. Rooney* with him,) for the plaintiffs.

*M. J. Mulkern*, for the defendants.

RUGG, C.J. These are actions of tort brought to recover compensation for damage to person and property arising from a collision occurring at the intersection of two streets between a motor truck belonging to the corporate plaintiff and driven by the individual plaintiff, and an automobile driven by the female defendant and owned by her husband. The cases were submitted to the jury, resulted in verdicts for the defendants, and come before us on exceptions by the plaintiffs.

The female defendant was asked to describe her feelings immediately after the accident as she sat in her car and before alighting from it. She answered that she was stunned and then, on objection by the plaintiffs' attorney, the trial judge ruled that she might answer. Substantially the same

answer was given again and exception was saved. If it be assumed as argued in behalf of the plaintiffs that the first answer came before there was time to object, the proper course was to state that fact to the judge and ask that the answer be stricken out. The judge then would be in a position to determine at once whether justice required some relief and to grant it if required. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384. *Commonwealth* v. *Johnson,* 199 Mass. 55, 59. Apparently the judge attempted to accomplish that result. There was no error in the admission of the question and answer. It bore upon the capacity of the witness at that time to make accurate observations and to remember what happened.

The request for instructions numbered 7 presented by the plaintiffs was to the effect that in determining the speed of the car driven by the female defendant the jury might consider the damage done to the truck and the position in which it was found after the collision. There was evidence to which the request was applicable. It was an instruction that might appropriately have been given. *Kelsea* v. *Stratford,* 80 N. H. 148, 150. *Duprat* v. *Chesmore,* 94 Vt. 218, 222. *Alabama Great Southern Railroad* v. *Molette,* 207 Ala. 624, 626. *Maritzky* v. *Shreveport Railway,* 144 La. 692, 697. But it is not reversible error to refuse such a request in the circumstances here disclosed. Of course it is the duty of the judge presiding over a jury trial to give full, fair, correct and clear instructions as to the principles of law governing all the essential issues presented, so that the jury may understand their duty and be enabled to perform it intelligently. If he does this, it is not necessary that he single out particular facts for emphasis. *Maxwell* v. *Massachusetts Title Ins. Co.* 206 Mass. 197, 200. *Hanley* v. *Eastern Steamship Corp.* 221 Mass. 125, 135. *Altavilla* v. *Old Colony Street Railway,* 222 Mass. 322. *Herrick* v. *Waitt,* 224 Mass. 415. *Goldsmith* v. *Gryzmish,* 238 Mass. 341, 344. As was said by Knowlton, J., in *Hicks* v. *New York, New Haven & Hartford Railroad,* 164 Mass. 424, 428: "It is largely a matter of discretion for the presiding judge as to how far he will discuss different phases of the testimony upon a particular subject

and give specific instructions, each founded upon only a part of the testimony bearing upon the subject. If he gives full and sufficient instructions, which enable the jury to understand the law applicable to all branches of the case, it is not a ground of objection that he declines to take each fragment of the testimony and to state a conclusion of law applicable to a possible finding founded upon it." *Bourne* v. *Whitman,* 209 Mass. 155, 164. *Ayers* v. *Ratshesky,* 213 Mass. 589, 593. See *Mahoney* v. *Gooch,* 246 Mass. 567, 571. Adequate instructions had been given touching the subject of the speed of the automobile driven by the female defendant as bearing upon liability.

The same principle applies to the refusal to give the remaining requests of the plaintiffs now relied upon. They relate to the right of way of the parties as they approached and reached the square at the intersection of the two streets. We think that the instructions actually given afforded sufficient guidance to the jury in the light of the testimony.

Earnest argument has been addressed to us in behalf of the plaintiffs that the charge was open to exception in that it was argumentative and put emphasis upon inconsistencies in the testimony of the plaintiff Buckley without calling attention to inconsistencies in the testimony of the female defendant, these being the two witnesses upon whose testimony the verdict of the jury must be mainly founded. The duties of a judge presiding over a jury trial have been stated in several recent decisions. It was said in *Whitney* v. *Wellesley & Boston Street Railway,* 197 Mass. 495, 502, with ample citation of authorities, that the judge "may sum up the testimony according to his recollection, . . . . In any clear analysis of the evidence, however impartial, the attention of the jury necessarily must be directed to the weight and importance of particular facts which they may find to have been proved. If an unbiased analytical statement of the testimony and of the law distinctly indicates the party who is entitled to prevail, this furnishes no just reason for the defeated party to complain, either of the method employed or of the adverse verdict. Besides, it is not a violation of the constitutional requirement that judges shall be 'as free, impartial and in-

dependent as the lot of humanity will admit,' if the instruc-
tions, while judicially fair, are comprehensively strong,
rather than hesitatingly barren or ineffective, and neither
the tone of a charge nor the form of verbal delivery are of
themselves ground of exception, if no error of law appears.
In a word, the judge who discharges the functions of his
office is, under the statute as well as at common law, the
directing and controlling mind at the trial, and not a mere
functionary to preserve order and lend ceremonial dignity
to the proceedings." This principle has been amplified and
applied in subsequent adjudications. *Plummer* v. *Boston
Elevated Railway*, 198 Mass. 499, 514, 515. *Sawyer* v.
*Worcester Consolidated Street Railway*, 231 Mass. 215, 218,
219. *Posell* v. *Herscovitz*, 237 Mass. 513, 515. *O'Neill* v.
*Ross*, 250 Mass. 92, 96, 97. *Field* v. *Hamm*, 254 Mass. 268,
271. See, also, *State* v. *Moses*, 13 N. C. 452, 456–463. We
are of opinion that it cannot be said that there was failure
of duty in this respect by the trial judge. It has not been
argued that he did not correctly summarize the evidence
of the witness Buckley. The complaint is that the judge
made some calculations as to distance travelled by each motor
vehicle in a given time based on that evidence, and then said,
"is that probable, or is it probable that something may be
the matter with Mr. Buckley's estimates somewhere, . . . it
is for you to say. . . . What are the facts? Is Mr. Buckley
accurate when he states those distances and rates of speed?
And that is for you to consider and determine, among other
things." There appears to us to be nothing open to excep-
tion in this. The whole matter of speed was fairly left to
the jury. The difficulties in the way of making accurate
estimates of speed and distance by witnesses testifying long
after the events were clearly set forth in the charge. The
circumstance that no calculations as to speed and distance
were made by the judge based on the testimony of the female
defendant did not render the charge unfair. Her testimony
does not seem to us readily susceptible of such analysis.
However that may be, the charge as an entirety appears to
have left the negligence of both parties fairly to the jury.
The contentions of each side were stated with sufficient

reference to the evidence and facts to enable the jury to reach a correct decision.

The charge does not seem to us indicative of any opinion by the judge as to the facts, nor to constitute a violation in any degree of the rights of the plaintiffs. A reading of the entire charge produces the conviction in our minds that it states fairly the respective contentions of the parties and does not overemphasize one part of the evidence as compared with other parts, and does not disclose which witnesses seemed to the judge the more credible, or which party ought to prevail. It appears to us to be impartial and clear, and to do justice to both sides.

*Exceptions overruled.*