ANNA VARELAKIS *vs.* HAROLD ETTERMAN. October 6, 1976. This action was brought to recover for personal injuries and property damage suffered by the plaintiff in an automobile accident involving a car operated by the defendant. The defendant pleaded a general denial and contributory negligence. The jury returned a verdict for the plaintiff in the amount of $1,500 for personal injuries and $100 for property damage. There was testimony from which the jury might have found that on January 20, 1965, the plaintiff was driving home from work at the noon hour. The driving conditions were hazardous. The plaintiff noticed an accident in front of her and stopped her car. A short time afterward her car was struck in the rear by that of the defendant. The plaintiff, who had previously been operated on for a ruptured disc, thereafter experienced further back trouble. The plaintiff's doctor testified that the back trouble was the result of the automobile accident in question, that the resultant back condition was chronic, and that the plaintiff's back pain would come and go. On the issue of damages, the plaintiff argues that the trial judge should have instructed the jury that a wrongdoer is responsible for the combined effects of the harmful results of his wrongful act and a preexisting disease or condition. *Wallace* v. *Ludwig,* 292 Mass. 251, 256 (1935). *McGrath* v. *G & P Thread Corp.* 353 Mass. 60, 63 (1967). On this issue, the judge, when referring to the testimony

concerning the plaintiff's previous back ailment, stated only: "[I]f a party causes through negligence damage or injuries to a party, he takes the party as he finds them." Such cryptic language was inadequate to instruct an ordinary juror on the law in this area. When a party makes a request for a specific instruction legally correct and pertinent to the issues presented by the case, it is incumbent on the judge to instruct the jury in a manner which substantially covers the particular point in question. See *Buckley* v. *Frankel,* 262 Mass. 13, 15-16 (1928). The failure of the judge to do so was error which cannot be said to have been harmless. Although there was no error in the manner in which the judge disposed of the plaintiff's other requests for instructions, we are constrained to remand the case to the Superior Court for a new trial on the issue of damages.

*So ordered.*

*Louis Kerlinsky* for the plaintiff.
*Edward V. Leja* for the defendant.