THERESA L. PIERCE *vs.* STEPHEN NAWN.

Middlesex.    March 16, 1977. — April 13, 1977.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Practice, Civil,* Charge to jury.  *Negligence,* Proximate cause, Pre-
existing injury or condition.

In an action for damages arising from an automobile accident, the
judge erred in refusing to instruct the jury concerning the defend-
ant's liability for the aggravation of preexisting injuries.  [225-226]

TORT.    Writ in the Superior Court dated January 20,
1973.
The action was tried before *Mitchell,* J.
*Emidio DiLoreto* for the plaintiff.
*Pamela J. Basamania* for the defendant.

HALE, C.J.    This is an action of tort in which the plain-
tiff seeks to recover damages for personal injuries sus-
tained as a result of an automobile accident involving a
vehicle in which the plaintiff was a passenger and a vehicle
operated by the defendant. After a jury trial a verdict was
returned in the plaintiff's favor in the amount of $1,500.
The plaintiff appeals (1) from the judgment entered on
that verdict and claims as error the refusal of the trial
judge to give a particular duly requested instruction, and
(2) from the denial of her motion for a new trial.
    There was evidence from which the jury could have
found the following facts. On August 29, 1971, the plain-
tiff's husband, one Pierce, was operating his motor vehicle
in heavy and slow traffic in Andover. He was heading north
on Route 93 on the way to Rockingham Park. Pierce was
accompanied by the plaintiff and the plaintiff's cousin and
uncle. The defendant, who was on his way to Salem, New

Hampshire, was travelling in the same direction as, and directly behind, the Pierce vehicle.

As Pierce approached a bridge where the road narrowed from three to two lanes of traffic, he slowed his vehicle. The defendant applied his brakes and attempted to turn his vehicle, but he was unable to avoid striking the vehicle in which the plaintiff was a passenger. The impact forced the Pierce vehicle onto the median strip and caused the plaintiff to be thrown from the left to the right side of the back seat. The plaintiff was helped from the vehicle by her husband. The plaintiff's right leg was placed in an air splint by police officers, and she was taken to the Bon Secours Hospital in Methuen.

The plaintiff claimed various injuries as a result of the accident, including acute cervicodorsal strain, lumbosacral strain, and a protrusion of a bone in the chest. She complained of pains in her body and legs. The plaintiff had also claimed injury to these areas as a result of two prior motor vehicle accidents, one occurring in October, 1970, and the other in February, 1971. Two physicians testified in behalf of the plaintiff. While one stated that the injuries complained of were causally related to the accident and the other that the accident was an adequate cause of the plaintiff's condition, neither could state to what extent any one of the accidents had contributed to the plaintiff's condition as observed following the third accident. There was evidence that the plaintiff's medical bills amounted to $1,923.50 for treatment following the third accident.

The plaintiff objected to the judge's refusal to give the jury her requested instruction that "[t]he defendant is responsible for harmful results of combining effects of his wrongful act and preexisting disease or condition." While we feel that as worded the requested instruction would not have been particularly helpful to the jury, we believe that it was sufficient to apprise the judge of the need to instruct the jury in the area of liability for injury where, as here, there was a preexisting condition. The plaintiff was "entitled to an adequate charge on the controlling issues of a

case and, where attention is properly directed to an omission and it is not remedied, an exception may be sustained if necessary to render substantial justice.... [T]he fact that the requested instruction is imperfect in form [does not] relieve the judge from his duty to correctly and adequately charge the jury ...." *Liakos* v. *Moreno*, 351 Mass. 90, 93-94 (1966). As the plaintiff had been involved in two prior accidents resulting in injuries that may have been subsequently aggravated by the accident caused by the defendant, the plaintiff was entitled to have her requested instruction, or one of similar import, given to the jury. *Wallace* v. *Ludwig*, 292 Mass. 251, 256 (1935). Although the judge did instruct the jury that the plaintiff might recover for those damages "proximately caused by the defendant's negligence," the charge cannot be said to have informed the jury adequately concerning liability for the aggravation of preexisting injuries. Compare *Varelakis* v. *Etterman*, 4 Mass. App. Ct. 841 (1976). We are of the opinion that the refusal to charge specifically on that issue was error.

Having reached that conclusion, we need not discuss whether it was error for the judge to deny the plaintiff's motion for a new trial.

*Judgment reversed.*