SHIRLEY FENTON vs. RONALD BRYAN.

No. 91-P-215.

Middlesex. September 21, 1992. - December 11, 1992.

Present: DREBEN, SMITH, & PORADA, JJ.

*Partnership*, What constitutes. *Joint Enterprise. Practice, Civil*, Instructions to jury.

In an action for an accounting of a partnership, the evidence that a partnership agreement existed between the parties was sufficient to permit the case to be submitted to the jury and to warrant the jury's verdict. [689-691]

At the trial of an action for an accounting of a partnership in which the plaintiff claimed that there was an oral partnership agreement in existence while the defendant contended that the plaintiff was merely an employee, the judge erred in not instructing the jury, as requested by the defendant, on those elements that must be found in order to determine whether the parties had entered into a partnership and, in addition, in not adequately instructing them in regard to damages. [691-694]

CIVIL ACTION commenced in the Superior Court Department on September 29, 1987.

The case was tried before *Joseph S. Mitchell, Jr.*, J.

*Stephen Gordon* for the defendant.

*Stephen G. Morte* for the plaintiff.

SMITH, J. The plaintiff, Shirley Fenton, brought an action in the Superior Court against the defendant, Ronald Bryan, for an accounting of a partnership. The plaintiff alleged that she and the defendant had entered into a partnership agreement to operate a dry cleaning establishment. The complaint also alleged that the defendant had violated G. L. c. 93A. In his answer, the defendant denied the existence of any partnership agreement with the plaintiff and also denied that he had violated c. 93A. A jury found that the parties had entered into a partnership agreement and awarded the plaintiff

$22,500. The c. 93A count was dismissed with the consent of the parties.

On appeal, the defendant raises five issues. Because we conclude that there must be a new trial, we only consider the defendant's claims that the judge (1) erred in denying the defendant's motions for a directed verdict, judgment notwithstanding the verdict, and a new trial and (2) improperly instructed the jury. The other issues claimed on appeal by the defendant will not arise at the new trial.

1. *Denial of the defendant's motions for directed verdict and judgment notwithstanding the verdict.* At trial, the defendant argued that its motion for directed verdict should have been allowed because the plaintiff's evidence was insufficient to demonstrate that a partnership agreement existed between the parties. The judge denied the motion, ruling that the issue of the existence of a partnership agreement was for the jury to decide.

We summarize the evidence that is relevant to our analysis of the issue raised by the defendant, in the light most favorable to the plaintiff. *Wilson* v. *Honeywell, Inc.,* 409 Mass. 803, 804 (1991). The jury could have found the following facts favorable to the plaintiff.

From 1969 to 1983, the plaintiff was an employee at a dry cleaning business located on Lincoln Street in Marlborough. Initially, the plaintiff worked as a clerk, but later her duties changed, and she learned the business.

In 1983, the defendant, an electrician and builder, decided to purchase the dry cleaning business from the owners. He approached the plaintiff and discussed the continuation of the business, suggesting that they move it to a store front down the street and that they split the profits equally as partners. The plaintiff's role was not to contribute any money, but rather to contribute her time and expertise, including her ability to keep the customers. After buying the business, the defendant was to contribute his electrical and plumbing skills and was to provide a rental deposit on the new store and other cash that would be necessary.

On July 8, 1983, the owners sold the business to the defendant. He made the rental deposit of $400 and purchased a conveyer for $1,800. The plaintiff did not contribute any money; however, she worked the first six months without pay. At first, incoming material was contracted out to a wholesaler for cleaning. The plaintiff's initial responsibilities were to manage the business, including handling the payroll and bookkeeping duties, waiting on customers, and acting as general supervisor. She worked five or six days per week from 6:00 A.M. to 5:00 or 6:00 P.M. The plaintiff did not execute any agreements with suppliers but she did meet with salesmen.

In December, 1983, by agreement with the defendant, the plaintiff began to take $200 per week as salary and did so for approximately one year. The defendant did not receive a salary. About one year after the start of their business, the plaintiff and defendant each began to take fifty dollars a week (over and above the plaintiff's regular salary) out of the business. Over a period of time, that amount increased to $100 and $150 per week. In December, 1984, the defendant needed money to make certain payments. He took $1,000 from the business and told the plaintiff, "Because we are partners, you take a thousand dollars too." The plaintiff did so, and at a later date, they each took $1,200.

At various times, the plaintiff asked the defendant to put the partnership in writing. The defendant would respond that it was in the hands of his attorney, and she should not worry. On or about May 1, 1985, the plaintiff told the defendant she was going to leave because things were not going the way she believed that they should. On May 15, 1985, she left the business. At that time, the business consisted of the dry cleaning plant and two drop stores. In the months prior to her leaving, the business was grossing regularly between $12,000 and $13,000 per month and was making payments on all debts.

To determine whether or not a partnership exists, the Legislature has enacted a set of rules that may be applied to the circumstances. G. L. c. 108A, § 7. In addition, other factors

may be considered on the issue of the existence or nonexistence of a partnership. See *Shain Inv. Co.* v. *Cohen*, 15 Mass. App. Ct. 4, 9 (1982). Those factors include, among others, (1) an agreement by the parties manifesting their intention to associate in a partnership (2) a sharing by the parties of profits and losses, and (3) participation by the parties in the control or management of the enterprise.

Here there was evidence that the defendant acknowledged the plaintiff as his partner. Further, the plaintiff shared in the profits equally. She made most, if not all, of the management decisions and participated in investment decisions jointly with the defendant. The fact that there was no evidence that either party actually discussed the sharing of potential losses is not dispositive of the issue of the existence of the partnership; that duty may be implied. See *Shain Inv. Co.* v. *Cohen, supra.*

The fact that the plaintiff received a salary (which she drew for approximately one year of her two and one-half year association with the defendant) did not require the jury to find that the plaintiff was strictly a salaried employee and not a partner. We are aware that G. L. c. 108A, § 18(*f*), states in pertinent part that: "No partner is entitled to remuneration for acting in the partnership business . . . ." However, a partner may receive compensation for his or her services provided that there is an agreement, either express or implied. *Shulkin* v. *Shulkin*, 301 Mass. 184, 188-189 (1938). *Boyer* v. *Bowles*, 310 Mass. 134, 139 (1941). Here, there was evidence of such an agreement.

The judge did not commit error in denying the defendant's motions for directed verdict and judgment notwithstanding the verdict. See *Wheelock* v. *Zevitas*, 229 Mass. 167, 170 (1918)("as the evidence was conflicting, this question [of the existence of a partnership agreement] was properly submitted to the jury.")

2. *The judge's instructions to the jury.* The only factual issue in the case was whether there was an oral partnership agreement between the parties. At the close of the evidence, the defendant filed requests that the judge instruct the jury

on the law in regard to that issue. For reasons not apparent on the record, the judge never ruled on the requests prior to counsels' arguments to the jury. See Mass.R.Civ.P. 51(b), 365 Mass 816 (1974) ("The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury . . .").

The judge's instructions to the jury take up two and one-half pages of transcript. He began his instructions by stating "[t]his is a so-called 'contract case,' in which the plaintiff alleges that she entered into a contract with the defendant. That the defendant breached his contract. And that she was damaged thereby."

The judge then proceeded to instruct the jury on the burden of proof, the type of evidence that they might consider, and the weight to be given expert witness' testimony; he cautioned them that they were not to decide the case on conjecture, sympathy, or surmise. He then closed his instructions by stating that if the jury found that there was a contract between the parties and that the defendant breached the contract, "the plaintiff is entitled to fair and reasonable compensation for any damages that she suffered that you find were proximately caused by the breach of contract by the defendant." At no time did the judge instruct the jury, as requested by the defendant, on those elements that they must find in order to determine whether the parties had entered into a partnership. In fact, he never mentioned the word "partnership" at any time but rather, interpreted the controversy as a "contract action."

At the conclusion of the judge's instructions, defense counsel objected. He informed the court that he had submitted requests for instructions on the elements of a partnership, which the judge had ignored. Defense counsel then went over his requests with the judge. The judge rejected most of them but did instruct the jury as follows:

> " . . . in order to find that there is a partnership the jury must find that there was a voluntary contract with association for the purposes of sharing the profits and losses as such."

Defense counsel again went over his requests with the judge. As a result, the judge instructed the jury:

"I instruct you that a partnership is the association of two or more persons to carry on as co-owners of a business for profit."

On appeal, the defendant argues that the judge committed error in not instructing the jury in accordance with his request for instructions, and that, in any event, the judge's instructions, as given, were lacking in guidance to the jury.

"A judge is not required 'to instruct the jury in the terms of a requested instruction — even if it is correct as matter of law and applicable to the pleadings and the evidence — if the subject matter thereof is dealt with adequately in the charge.'" *Campbell* v. *Shea*, 332 Mass. 422, 425 (1955), quoting from *Squires* v. *Fraska*, 301 Mass. 474, 476 (1938). Here, the judge's instructions "fell far short of being adequate . . . [and] failed to articulate with clarity the law governing the issues raised during the trial." *Gelineau* v. *Massachusetts Bay Transp. Auth.*, 1 Mass. App. Ct. 815 (1973). The issues facing the jury were clear. Was there a partnership between the parties and if so did the plaintiff properly establish her damages?

"[I]t is the duty of the judge presiding over a jury trial to give full, fair, correct and clear instructions as to the principles of law governing all the essential issues presented, so that the jury may understand their duty and be enabled to perform it intelligently." *Buckley* v. *Frankel*, 262 Mass. 13, 15 (1928). Here, the jury were not informed by the judge of those "principles that ought to guide and control their action." *Horowitz* v. *Bokron*, 337 Mass. 739, 746 (1958). The plaintiff claimed that there was an oral partnership agreement in existence. The defendant contended that the plaintiff was merely an employee. Surely, on this record, the defendant was entitled to instructions concerning the difference between an employee and a partner. Further, the judge should have instructed the jury, as requested by the defendant, on the various factors that were to be weighed, in addi-

tion to the sharing of profits and losses, in order to find a partnership. One of the factors is the participation by the parties in the control and management of the enterprise. Finally, on this record, the instruction in regard to damages was inadequate.

The judgment is reversed, and the matter is remanded to the Superior Court for a new trial.

*So ordered.*