FRANCIS FEIN, administrator,[1] *vs.* MORTON KAHAN. No. 93-P-668. June 20, 1994. *Negligence*, Doctor, Medical malpractice, Proximate cause. *Medical Malpractice*, Expert opinion. *Proximate Cause. Practice, Civil*, Instructions to jury.

This is a medical malpractice action in which the plaintiff[2] sued the defendant doctor for his failure to diagnose breast cancer. The case was tried to a jury. In answer to special questions, the jury found that the defendant was negligent, but that such negligence was not the proximate cause of the injuries.

The plaintiff appeals, arguing that the judge's instructions to the jury were defective because he failed to instruct the jury as to the meaning of proximate cause. Countering, the defendant, without stressing the adequacy of the instructions as a whole, claims that the plaintiff failed to preserve her objection to the instructions and that the plaintiff's requested instruction at the bench conference following the jury charge was an incorrect proposition of law.[3] We disagree and reverse the judgment.

It is well established that "[a] plaintiff in a medical malpractice action has the burden of showing that the physician's negligent conduct was the proximate cause of the plaintiff's injuries. [Citations omitted.] This causal link generally must be established by expert testimony that the injury was more probably than not a result of the physician's negligence." *Harlow* v. *Chin*, 405 Mass. 697, 702 (1989). *Cusher* v. *Turner*, 22 Mass. App. Ct. 491, 497 (1986). Two experts testified on behalf of the plaintiff that the defendant's negligence reduced the likelihood of cure and shortened the plaintiff's life expectancy. It was appropriate, therefore, that one of the special questions submitted to the jury was on the issue of proximate cause.

The judge's charge did not explain the meaning of proximate cause. He merely instructed the jury that if they find that the defendant was negligent, the plaintiff was entitled to compensation for damages proximately caused by such negligence. See and compare *Bradford* v. *Baystate Medical Center*, 415 Mass. 202, 209 (1993). Such instructions were deficient. Cf. *Morgan* v. *Lalumiere*, 22 Mass. App. Ct. 262, 267 (1986). At the bench conference following, the plaintiff requested that the judge explain the meaning of proximate cause to the jury. Contrast *Cooke* v. *Walter Kidde & Co.*, 8 Mass. App. Ct. 902, 904 (1979). The judge failed to do so.[4] "[I]t is the duty of the judge presiding over a jury trial to give full,

---

[1]Of the estate of Margaret Fein.

[2]Although the plaintiff now is the administrator of Margaret Fein's estate, we will refer to Margaret Fein as the plaintiff.

[3]For a thorough exposition of the means and manner by which compliance with Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974), may be effected, see *Flood* v. *Southland Corp.*, 416 Mass. 62, 66-67 (1993).

[4]We are obliged to reiterate what the Supreme Judicial Court deems to be the prudent course of action in such circumstances:

fair, correct and clear instructions as to the principles of law governing all the essential issues presented, so that the jury may understand their duty and be enabled to perform it intelligently." *Fenton* v. *Bryan*, 33 Mass. App. Ct. 688, 693 (1992), quoting from *Buckley* v. *Frankel*, 262 Mass. 13, 15 (1928).

The defendant criticizes the wording of the plaintiff's request to the judge. If the plaintiff was entitled to such an instruction, and she was, "that right was not defeated by the vagueness of the plaintiff's request." *Collins* v. *Baron*, 392 Mass. 565, 568 (1984). The request was sufficient to alert the judge and to apprise him of the need to so instruct the jury. "The plaintiff was 'entitled to an adequate charge on the controlling issues of a case and, where attention is properly directed to an omission and it is not remedied, an exception may be sustained if necessary to render substantial justice. . . . [T]he fact that the requested instruction is imperfect in form [does not] relieve the judge from his duty to correctly and adequately charge the jury. . . .' *Liakos* v. *Moreno*, 351 Mass. 90, 93-94 (1966)." *Pierce* v. *Nawn*, 5 Mass. App. Ct. 224, 225-226 (1977). Here, "the purpose of rule 51(b) to put the judge on notice [was] fairly met." *Flood* v. *Southland Corp.*, 416 Mass. 62, 67 (1993).

The judgment is reversed, and the matter is remanded to the Superior Court for a new trial.

*So ordered.*

*Philip J. Crowe, Jr.*, for the plaintiff.
*Charles P. Reidy, III*, for the defendant.

---

"Cautious counsel, however, wisely will renew any earlier objection with specificity after the charge unless the judge then instructs otherwise." *Flood* v. *Southland Corp.*, 416 Mass. at 67.