MacLeod, J.
The plaintiff, American Microwave Corporation (“AMC”), commenced this action in the Clinton District Court against the defendant, Susan M. Whalen (“Whalen”), to recover $10,000.00 paid to her as a sign-on bonus under an employment agreement. The complaint alleged, in counts for breach of contract, breach of the covenant of good faith and fair dealing, and quantum meruit, that Whalen had signed an employment offer letter from AMC in which she agreed to repay a $10,000.00 sign-on bonus if she left employment with AMC within one year of hiring; that Whalen signed the offer letter on March 14,2008, was paid the bonus by AMC on May 15,2008, and resigned on September 10,2008; and that Whalen had not repaid the bonus. AMC attached to its complaint the signed offer letter, which indicates that the employment agreement was between Whalen and a company called Cobham Defense Electronic Systems, Atlantic Microwave Division (“CDES-AMD”).
Following discovery, AMC moved for partial summary judgment on its breach of contract claim. Whalen filed a cross-motion for, alternatively, summary judgment, dismissal for failure to state a claim, or judgment on the pleadings on the basis of a defense raised in her answer, namely, that AMC lacked the capacity to bring this action because it was not a party to the signed offer letter. After a hearing, the motion judge denied both parties’ motions, and transferred the case to the Fitchburg District Court for a jury trial.
Whalen moved, unsuccessfully, for reconsideration of the denial of her earlier motion, and the case proceeded to trial. During that trial, at both the close of AMC’s case and the conclusion of all the evidence, Whalen moved for a directed verdict on the basis of her capacily argument. Both motions were denied. The jury returned a verdict in favor of AMC, and awarded it $10,000.00.[1] The trial judge denied Whalen’s posttrial motions for a new trial, to vacate judgment, and to alter or amend judgment. This appeal followed.
Whalen has appealed on a number of charges of error, including the denials of her various motions. It is unnecessary, however, to address all of her arguments, as the *217 dispositive issue on this appeal is the adequacy of the trial judge’s jury charge.[2] Consideration of the jury instructions requires a preliminary review of the issues raised, and the evidence advanced, by the parties. Although characterized as one of capacity, the central issue raised by Whalen in her motions and at trial was whether AMC is the real party in interest.[3] Rule 17 (a) of the Mass. R. Civ. R states that “every action shall be prosecuted in the name of the real party in interest.” The purpose of the Rule is to “assure that a defendant is only required to defend an action brought by a proper plaintiff and that such action must be defended only once.” University of Lowell Research Found. v. Classic Elite Yarns, Inc., 1998 Mass. App. Div. 200, 201, quoting Massachusetts Ass’n of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 297 (1977). The plaintiff, therefore, must be the party who, under the governing substantive law, possesses the right sought to be enforced. J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §17.2 (1975 & 2006 Supp.).
To prevail on its breach of contract claim for recovery of the $10,000.00 sign-on bonus paid to Whalen, AMC was required to establish its right to enforce the *218 employment offer letter either as a party to the agreement, or as an intended third-party beneficiary. See Plymouth Hous. Auth. v. Town of Plymouth, 401 Mass. 503, 505 (1988) (affirming grant of summary judgment to town on breach of contract claim where housing authority was stranger to, and incidental beneficiary of, contract between town and building removal contractor for removal of buildings). Three witnesses provided conflicting and, at times, contradictory testimony on this point at trial. Both Whalen and Ann Marie Wood (‘Wood”), the hiring manager who signed the offer letter on behalf of CDES-AMD, testified that CDES had purchased AMC. Wood also testified, however, that AMC is another name for CDES. Further, Michael Montemagno (“Montemagno”), the general manager at AMC during Whalen’s employment, testified that CDES was a separate corporation from AMC. But he also stated that AMC did business under the name CDES-AMD and that “Atlantic Microwave Division” was a “marketing name” of AMC.
Thus, the evidence at trial was conflicting,[4] and would have permitted the jury to infer that AMC contracted with Whalen under its trade name of CDES-AMD and, therefore, was the proper party to bring this action. See William Gilligan Co. v. Casey, 205 Mass. 26, 31 (1910) (“It is well settled that a ... corporation may assume or be known by different names, and contract accordingly, and that contracts so entered into will be valid and binding if unaffected by fraud.”). A competing inference permitted by the evidence was that AMC was the trade name of CDES-AMD; and that naming AMC as the plaintiff was a simple misnomer that could have been corrected by motion, or by the court sua sponte, at any point in the litigation. See Jones v. Boykan, 79 Mass. App. Ct. 464, 466 n.7 (2011). And then there was the conflicting testimony that AMC was purchased by, or, instead, was a separate corporation from, CDES. The conflicting trial evidence and the competing inferences to which it gave rise presented questions of weight and credibility for the jury to resolve. Meyer v. Wagner, 57 Mass. App. Ct. 494, 504 (2003) (“It is for the jury to sort out conflicting inferences that are possible from conflicting evidence.”).
Questions of fact for the jury also arose from the evidence offered on AMC’s quantum meruit claim. To prevail under a theory of quantum meruit, a plaintiff must *219 prove that “it conferred a measurable benefit upon the defendants.” Finard & Co., LLC v. Sitt Asset Mgt., 79 Mass. App. Ct. 226, 229 (2011). In this case, Wood testified that AMC paid the $10,000.00 sign-on bonus to Whalen, and that Whalen never expressed to Wood that she received the bonus from the wrong corporate entity. Whalen did not rebut this testimony, stating only that she could not recall whether her pay checks were issued by AMC or CDES-AMD.
Based on this evidence, there was a genuine issue of fact for the jury to decide as to whether AMC was the real party in interest entitled to recover the bonus paid to Whalen under an agreement signed by her and CDES-AMD. The jury should have been properly instructed on this issue. Whalen argues on this appeal that the trial judge erred in not granting her 19 requests for jury instructions. We note, first, that Whalen properly preserved this issue for review. At the conclusion of the judge’s instructions, Whalen’s counsel objected and offered to state the grounds,[5] but the judge declined, stating, “No. Noted.” Generally, to preserve for appeal a question of refused jury instructions, counsel must state the grounds of his objection. Flood v. Southland Corp., 416 Mass. 62, 66 (1993), citing Mass. R. Civ. P., Rule 51(b). An exception lies, however, where the judge assures counsel that the objection is understood and that no further explanation is necessary. Stepakoff v. Kantar, 393 Mass. 836, 839 (1985) (objection preserved where judge asked counsel to object by instruction number, but assured counsel he understood objection and no further presentation necessary); Mari v. Delong, 62 Mass. App. Ct. 87 n.2 (2004) (objection preserved where judge ended counsel’s explanation of grounds by stating exception noted). Given the judge’s indication that no further explanation by Whalen’s counsel was needed, the objection was properly preserved.
As to the substance of the instructions, the judge charged the jury on the roles and functions of the judge and jury, the types of evidence they could consider, the credibility and weight to be given such evidence, the burden of proof, and what the plaintiff had to prove as a matter of law. As to elements of AMC’s claims, the judge stated in total:
What’s a contract? A contract is a promise or a series of promises for which the law will find enforcement. Why? Because the promises are made with mutuality. There’s a sharing of ideas, there’s a common understanding and promises are made; and that in the context of these promises being made, people change their position in consideration of the promises that were made.
Now, does a contract have to be in writing? Does an agreement have to be in writing to be enforceable? The answer is not always, and I will tell you that in this case, the form, whether something was in writing or whether there was an agreement of the parties, you don’t have to deal with that *220 because it doesn’t matter. If there was an agreement, if there were promises, mutual promises, one side to the other, if Cobham or Atlantic Microwave made promises to Ms. Whalen, if Ms. Whalen made promises to that entity which resulted in her leaving one place, going to another place, and then what was that that agreement? What was the understanding of the parties?
So you have to find whether there was a promise that the law will enforce because there was mutuality, genuine understanding, sufficient enough for you to understand what that understanding was. That’s the test, really. The test is, can five out of six of you — or all six, preferably — agree as to what the terms of the understanding was? And if you can do that, you can say, well, what was the agreement? You find the agreement. Should it be enforced? If there was mutuality, genuine understanding, then the answer to the question is yes.
“ [I]t is the duty of the judge presiding over a jury trial to give full, fair, correct and clear instructions as to the principles of law governing all the essential issues presented, so that the jury may understand their duty and be enabled to perform it intelligently.” Fein v. Kahan, 36 Mass. App. Ct. 967, 967-968 (1994), quoting Buckley v. Frankel, 262 Mass. 13, 15 (1994). “Although a judge enjoys significant latitude in framing the language of his jury instructions, Commonwealth v. Kelley, 359 Mass. 77, 92 (1971), and is not required to use the specific language requested by a party, Fialkow v. DeVoe Motors, Inc., 359 Mass. 569, 575 (1971), an objection does lie if a significant matter is not dealt with at all.” Grant v. Lewis/Boyle, Inc., 408 Mass. 269, 275 (1990). Here, the jury was not informed by the judge of those “principles that ought to guide and control their action.” Fenton v. Bryan, 33 Mass. App. Ct. 688, 693 (1992), quoting Horowitz v. Bokron, 337 Mass. 739, 746 (1958). AMC claimed that there was an express contract between itself and Whalen, whereas Whalen contended that AMC had no right to enforce the contract. Surely, Whalen was entitled, given the conflicting and inconsistent evidence, to an instruction regarding the identity of the real party in interest: AMC or CDES-AMD. The judge’s mentioning of “Cobham” and “Atlantic Microwave” was not sufficient, and most likely only added to the confusion regarding the relationship between the entities. Further, the judge should have instructed the jury, as requested by Whalen, on the elements of quantum meruit. This theory of recovery was not mentioned in the judge’s instructions.[6]
*221 The judgment for the plaintiff is vacated, and this case is returned to the Fitchburg District Court for a new trial.
So ordered.

 It is unclear, however, under which complaint count the award was made.

 There was, in any event, no reversible error in the motions rulings. With respect to Whalen’s pretrial motions, the trial court properly treated the first motion as one for summary judgment because Whalen submitted an affidavit and AMC’s interrogatory answers with it. But Whalen is not now entitled to our review of that ruling because the denial of a summary judgment motion is not appealable after trial. Kelley v. Riccelli Enters. of Mass., Inc., 2010 Mass. App. Div. 81; and Whalen never asked the trial judge to report the ruling at the interlocutory stage at which it was made. See Leavitt v. Mitzner, 404 Mass. 81, 87 (1989). There was no error in the trial judge’s denial of Whalen’s motion for reconsideration of the summary judgment denial because a judge has no duty to reconsider and issue or question already resolved, particularly when no new evidence or information supports the reconsideration motion. See Phoenix Home Life Mut. Ins. Co. v. Brown, 49 Mass. App. Ct. 657, 661 (2000).

 Capacity is “a party’s personal right to litigate in a... court,” 6A C.A. WRIGHT, A.R. MILLER, & M.K KANE, FEDERAL PRACTICE AND PROCEDURE §1542, at 469 (2010), and “typically is determined without regard to the particular claim ... being asserted.” Id. at §1559, at 604-605. AMC, in its complaint, alleged that it was a corporation, incorporated in Delaware, with a principal place of business in Bolton, Massachusetts. Whalen, in her answer, denied that allegation and raised the defense of lack of capacity. See Mass. R. Civ. R, Rule 9(a). Although AMC was bound by its allegation that it was a foreign corporation, G.L.c. 231, §87, Whalen never raised in any of her motions below, or in her brief on appeal, that AMC lacked capacity to bring this action because it had failed to register with the Massachusetts Secretary of State. G.L.c. 156D, §15.02 (a) (“A foreign corporation transacting business in the commonwealth without delivering to the secretary of state for filing the certificate required by section 15.03 shall not maintain a proceeding in any court in the commonwealth until the certificate is delivered and filed.”). Rather, the substance of her motions was that AMC had no right to enforce the offer letter because it was a stranger to the contract, an argument that depended on the nature of claims alleged in AMC’s complaint.

 Given the conflicting trial evidence, there was no error in the denial of Whalen’s motions for a directed verdict. That evidence, “taken in the light most favorable to [AMC] ... was adequate to support an inference imposing liability on [Whalen].” Truong v. Wong, 55 Mass. App. Ct. 868, 875 (2002), quoting Sahagan v. Commonwealth, 25 Mass. App. Ct. 953 (1988). See also Commonwealth v. McGahee, 393 Mass. 743, 750 (1985) (inconsistencies do not render testimony legally insufficient but raise only issues of credibility for jury to decide). For the same reason, there was no abuse of discretion in the denial of Whalen’s posttrial motions to vacate, or to alter or amend, the judgment. Those motions raised identical issues as to the sufficiency of the evidence and rested within the judge’s discretion. Levy v. Selective Sec. Trust of Am., Inc., 1987 Mass. App. Div. 153. Finally, as there is no suggestion in the record that the jury’s verdict was “markedly against the weight of the evidence,” W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1993), there was no abuse of discretion in the denial of Whalen’s new trial motion. Simmons v. Yurchak, 28 Mass. App. Ct. 371, 380 (1990).

 Whalen’s counsel objected during a sidebar conference: “I’m objecting to your failure to give the requests that I’ve made, and I can (inaudible) one by one.” Although the parties did not attempt to reconstruct the inaudible portion for inclusion in the record on this appeal, see Dist./Mun. Cts. R. A. D. A, Rule 8C(c) (4), we infer from the audible portion that Whalen’s counsel offered to state the grounds of his objection.

 Whalen also complains that the judge erred in failing to submit his proposed special verdict slip to the jury. The “nature, scope, and form of special questions submitted to a jury pursuant to Mass. R. Civ. R, Rule 49(a),... are matters within the discretion of the trial judge,” Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 802 (1987), quoting Everett v. Bucky Warren, Inc., 376 Mass. 280, 291 (1978), but the “questions submitted to the jury are viewed in light of the instructions given by the judge.” Id. Whalen has not included the verdict slip in the record, but the trial transcript indicates that the judge told the jury he planned to submit the following: “We, at least five members of the jury, find that the plaintiff is entitled to recover money from the defendant in accordance with promises made,’ yes or no. H yes, how much.” Given the inadequate jury instructions, this question was also deficient.