MacLeod, J.
This is an action by homeowners to recover damages for breach of contract by a construction corporation and its individual officers.
The record indicates that in December, 2004, Richard and Susan Bernard (“Bernards”) contracted with First Nation Construction Corporation (“First Nation”) for demolition work and for the construction of a single-family house and garage. First Nation assured the Bernards that it employed an expert finishing carpenter, and referred them to several places where it had completed projects. The Bernards visited those sites and were satisfied with the completed work. At the time they contracted with the Bernards, the sole shareholders and officers of First Nation were David A. Vandale (‘Vandale”), a fifteen-year licensed general contractor supervisor, and James Labillois (“Labillois”), a three-year licensed home improvement contractor.
In May, 2005, after work had commenced on the Bernards’ project, Vandale withdrew from the corporation because he was dissatisfied with both Labillois’ hiring decisions and the framing crew’s substandard work. Pursuant to a stock and asset purchase agreement dated May 2, 2005, Vandale withdrew corporate assets in exchange for transferring his interest in the corporation to Labillois. Labillois agreed *90 (1) to “postpone any insolvency proceedings” for First Nation until Vandale had been paid; and (2) along with First Nation, to indemnify Vandale from claims arising before or after the date of the agreement.
Following Vandale’s departure, the Bernards became dissatisfied with the defective construction work by First Nation and the shoddy plastering done by Labillois’ wholly owned business, J&S Plastering Construction (“J&S”). Project problems included a defective wall, frozen and delaminating plaster, incomplete electrical functions, and gaps around doors and windows. Both First Nation and J&S abandoned the project in early 2006 pursuant to a cease work order by Labillois. At great expense, delay, and aggravation, the Bernards were compelled to hire new contractors to finish the remaining project and to correct First Nation’s and J&S’s poor workmanship.
The Bernards’ second amended complaint, filed in September, 2009, contained six counts alleging breach of contract by First Nation, breach of a third-party beneficiary contract by J&S, breach of contract and violation of G.L.c. 93A by Labillois, and “disregard of corporation” by Labillois and Vandale. First Nation counterclaimed for breach of contract and quantum meruit, and Vandale cross-claimed against First Nation and Labillois for indemnification. After a six-day jury-waived trial, the judge made extensive findings of fact, including the findings that all of the defendants were jointly and severally liable for breach of contract in the amount of $42,385.00, and that Labillois had violated G.L.c. 93A The judge also found against First Nation on its counterclaims. Judgment was entered in October, 2009.
The October, 2009 judgment was subsequently amended twice. Following Vandale’s motion for reconsideration of the denial of his motion to amend findings and judgment, the trial judge ordered that no judgment was to be entered against Vandale because there was no specific complaint count against him for breach of contract; and that judgment was to be entered for Vandale on his cross claim for indemnification. The Bernards moved for clarification. The trial court then ordered judgment in favor of the Bernards for breach of contract against First Nation (count 1), Labillois (count 2), and J&S (count 6); for violation of G.L.c. 93A against Labillois (count 3); and for disregard of corporation against Labillois (count 4) and Vandale (count 5). The court also ordered judgment to be entered for Vandale on his indemnification cross claim, and reaffirmed its judgment for the Bernards on First Nation’s counterclaims. The first amended judgment was entered in September, 2010.
Vandale moved for relief from that judgment and to supersede execution. The trial judge then amended the first amended judgment to award no damages on the Bernards’ counts for disregard of corporation against Labillois and Vandale. The Bernards responded with a motion for new trial, arguing that liability must attach to Vandale for breach of contract given the court’s findings of both breach of contract by First Nation and disregard of corporation by Vandale; and that Vandale was not shielded from liability to the Bernards because of his indemnification agreement with Labillois and First Nation. The court denied the motion, and a second amended judgment was entered in April, 2011.
The Bernards have now appealed the denial of their motion for a new trial, a motion addressed to the discretion of the trial judge. Hammell v. Shooshanian Eng’g Assocs., Inc., 73 Mass. App. Ct. 634, 638 (2009); Atlantic Microwave Corp. v. Whalen, *91 2011 Mass. App. Div. 216, 218 n.4. Upon review, we conclude that the denial of the motion constituted an abuse of discretion based on the trial court’s erroneous determinations that Vandale was not individually liable for First Nation’s breach of the contract with the Bernards, and that the indemnification agreement precluded the Bernards’ recovery against Vandale.
First, while the Bernards did not include a specific complaint count, they sufficiently pleaded breach of contract by Vandale in their claim against him for disregard of corporation. It is the substance of that complaint count, not its caption, that indicated the nature of the claim. See Windross v. Village Automotive Group, Inc., 71 Mass. App. Ct. 861, 868 (2008). Fairly read, the complaint count adequately alleges that because Vandale disregarded the corporate form of First Nation, he is individually liable for the damages arising from First Nation’s breach of contract under the theory of piercing the corporate veil. See Scott v. NG US 1, Inc., 450 Mass. 760, 768 (2008); My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618-619 (1968). In particular, the averment that “Vandale is individually responsible for the debts of First Nation and said corporation is indebted to Bernard for actual and consequential damages as a result of a breach of contract” provided Vandale with sufficient notice that the Bernards were seeking recovery from him for the sham corporation’s breach of contract.
We note that Vandale has not appealed the trial court’s finding against him for disregarding the corporate form of First Nation. Therefore, there is no question before this Division on this appeal as to the sufficiency of the evidence to support either that finding or the court’s subsidiary findings that First Nation was a “sham,” which “[s]ince 2004, ... has not kept corporate minutes, treasurer reports, accountings, assets and liabilities ledgers or payroll records, has not held annual corporate meetings, has not maintained corporate capitalization since inception, and has not filed corporate taxes ... [or] a set of corporate by-laws or a corporate seal.”
Given the findings of breach of contract by First Nation and disregard of corporate form by Vandale, the trial court’s determination that Vandale was not individually liable for First Nation’s breach of contract was erroneous as a matter of law. Although Vandale purportedly signed the contract with the Bernards as an officer of First Nation, the court’s finding that First Nation had been a “sham” corporation since 2004 left Vandale individually bound by the Bernard contract until its completion or his release, neither of which occurred in this case.
Second, as the Bernards correctly note, whether Vandale is entitled to indemnification from the other defendants is irrelevant to the issue of his liability to the Bernards for breach of contract. As the Bernards were not parties to the indemnification agreement, it had no effect on their right to damages for breach of the contract by which the defendants remained bound.
As there is no indication in the record that Vandale, or any defendant, disputed the amount of contract damages awarded, a partial new trial on damages is not necessary. Accordingly, this case is returned to the trial court with directions that judgment enter for the Bernards against Vandale, jointly and severally with First Nation, Labillois, and J&S, for $42,385.00 in contract damages.
So ordered.