Fabricant, Judith, J.
INTRODUCTION
This action arises from an injury to an employee of a business that lacked worker’s compensation insurance. The injured employee, plaintiff Elvis Galvao, alleges that the defendant, Catherine Lefas, was an owner of the business, and therefore has strict liability for his injury, pursuant to G.L.c. 152, §66. Before the Court is Lefas’s motion for summary judgment, in which she contends that the undisputed facts establish the absence of any evidence from which a reasonable factfinder could conclude that she was an owner. For the reasons that will be explained, the motion will be allowed.
BACKGROUND
The admissible evidence offered, considered in the light most favorable to the plaintiff, establishes the following facts as undisputed for purposes of the present motion.[1] On February 20, 2007, Eric Lowe registered to do business in the Town of Braintree under the name Frangioso Granite Company. The registration listed the address of the business as 95A Grove Street in Braintree, and listed as Lowe’s residence the address of a condominium unit owned by his then girlfriend, defendant Catherine Lefas. Lefas’s name does not appear on the business registration certificate. Lowe opened a checking account for the business at Citizens Bank. He identified himself on the account application as “sole proprietor” of the business, and had sole signatory authority on the account. Lefas at times worked in the business’s retail showroom, and also performed bookkeeping tasks for the business, including on one occasion providing a tax form to an employee. Checking account records include no indication of wages or other compensation paid to Lefas for those services, with the following possible exception. On or about August 6, 2007, Lowe wrote a check for $3,400 to himself, with a handwritten notation, “for Cathy.”[2]
The plaintiff, Galvao, was injured while working for the business on October 25, 2007. The business had no worker’s compensation insurance.
On October 31, 2008, Lowe pled guilty in Norfolk Superior Court to four criminal offenses (unrelated to operation of the business) and received a two-and-half-year sentence to the Norfolk County House of Correction, with one year to serve and the balance suspended. On that same date, Lefas, along with another person who is not otherwise involved in this case, obtained signing authority for the business bank account. Also at or about the same time, Lowe executed a general power of attorney in favor of Lefas, giving her authority to act on his behalf with respect to his property and other matters. While Lowe was incarcerated, Lefas wrote checks on the business account, including two to herself, each in the amount of $ 1,800.
Lowe was released from incarceration sometime in 2009. He did not revoke the power of attorney, and did not remove Lefas as a signatory on the bank account. She wrote additional checks on the account after Lowe’s release, including one on July 26, 2010, to herself, in the amount of $2,800, marked “for Lombardo’s Advertising/Pariy,” and one on August 9, 2010, for $500, to the attorney who first appeared for her in this case. Lowe and Lefas were married on August 25, 2010.
DISCUSSION
The plaintiffs theory is that Lowe and Lefas were co-owners — that is, partners — in the business, so that they are jointly and severally liable as his employers. The Legislature has defined a partnership as “an association of two or more persons to carry on as co-owners abusiness for profit. . .” G.L.c. 108A, §6(1). Factors to be considered in determining the existence of a partnership include an agreement between the parties manifesting their intention to associate in a partnership, a sharing of profits and losses, and a participation by the parties in the control and management of the business. Fenton v. Bryan, 33 Mass.App.Ct. 688, 690-91 (1992). A partnership is usually formed for the ongoing transaction of business and may be created by either an express or implied contract. E. Elec. Co. v. Taylor Constr. Corp., 11 Mass.App.Ct. 192, 198 (1981). No explicit agreement to establish a partnership is required; “an intent to carry on business as partners may be inferred from the partners’ words and acts.” Kansellis Finance, Ltd. v. Fern, 40 F.3d 476, 478-79 (1st Cir. 1994).
The facts presented here, considered in the light most favorable to the plaintiff, do not provide a basis from which a reasonable factfinder could find the existence of a partnership between Lowe and Lefas in the operation of the business at the time of the *315 plaintiffs employment. Nothing in the evidence indicates that Lowe and Lefas ever had any agreement to form a partnership or to start a business together. Nor does anything indicate that they ever shared profits or losses, or that, at any time relevant to the plaintiffs claim, Lefas had any role in control or management of the business.[3] To the contrary, at the time of the plaintiffs injury, the only involvement Lefas had in the business, as far as the evidence discloses, is that she at times performed certain non-management tasks, apparently without regular compensation; and that, on one occasion, Lowe wrote a check on the business account with a notation suggesting that it might have been for her. Given the personal relationship between the two, her unpaid assistance with some tasks of his business hardly suggests a partnership. Nor does a single payment to her support the claim. The payment may have been a return of funds advanced, as plaintiff himself suggests, or compensation for services, or a gift or loan that Lowe chose to take out of the business account. The record leaves open many possibilities, but provides no basis on which a factfinder could infer that it was a distribution of profits to a partner.
A year after the plaintiffs injury, when Lowe was incarcerated, Lowe provided her with authority to act in his stead, and she apparently did so, at least with respect to writing checks. This activity may have involved her more deeply than before in management of the business, but it does not in itself support an inference of partnership even at that time. Still less does it indicate a partnership a year earlier.
Overall, the Court concludes, the facts supported by admissible evidence are not such that a reasonable factfinder could conclude that Lefas was a partner in, or co-owner of, Lowe’s business. The plaintiff offers no other theory of liability against Lefas. Accordingly, Lefas is entitled to judgment as a matter of law.
CONCLUSION AND ORDER
For the reasons stated, the Motion of Defendant Catherine N. Lefas for Summary Judgment is ALLOWED, and the plaintiffs Cross-Motion for Summary Judgment is DENIED.

 The Court does not consider exhibits N and O to the affidavit of Keith Miller, because they are inadmissable hearsay. See Mass.R.Civ.P. 56(e). For the same reason, the Court also disregards the statements in paragraphs 5, 8, and 9 of the affidavit of Jose Villafranca. As to paragraph 3 of that affidavit, although the affidavit leaves some uncertainly regarding the affiant’s basis of knowledge, reading it in the light most favorable to the plaintiff, the Court assumes, for purposes of the present motion, that the statements are based on observations made by the affiant.

 Plaintiff suggests that the check was to repay Lefas for a loan she had made to the business, but offers no admissible evidence to support that suggestion.

 In these crucial respects, the facts here are entirely dissimilar to those of an Illinois case on which plaintiff relies, In re Marriage of Hassiepen, 269 Ill.App.3d 559, 565-66 (1995).