NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1139

LEON WALKER, JR.

vs.

GAMAL WALKER & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant Gamal Walker appeals from a judgment, following a bench trial, finding him liable for damages to his father, the plaintiff Leon Walker, Jr., and ordering an accounting and dissolution of Fury III, LLC (Fury).  On appeal, the defendant claims that Fury's tax returns constituted overwhelming documentary evidence that the defendant and the plaintiff had formed a partnership in Fury, and that the trial judge erred by not making such a finding of fact or conclusion of law.  We affirm.

Background.  The plaintiff owned a parcel of land in Dorchester in his name until 2002, when he transferred the title

_____

[1] Fury III, LLC.

to Diversified Ventures LLC (Diversified).  The plaintiff created Diversified and was its resident agent; both he and the defendant were managers.  The defendant had gone to business school and the plaintiff was hopeful that the defendant could help develop the Dorchester property.  Diversified was dissolved by the Secretary of the Commonwealth in 2003 after the plaintiff did not pay the annual fees, and the plaintiff later created another LLC, Fury, in 2011.  In Fury's certificate of organization, the plaintiff listed himself as the resident agent and both himself and the defendant as the managers.  The plaintiff transferred the title to the Dorchester property to Fury.  Fury had no operating agreement or similar document.  Fury's annual tax returns listed both the plaintiff and the defendant as having an interest in that entity; the plaintiff asserted that he never corrected this error because Fury never had any income.

The Dorchester property was never developed. In 2020, the defendant found a buyer for the property and the plaintiff agreed to sell to that buyer.  Both the plaintiff and defendant signed the deed to the property as managers of Fury.  The sale proceeds of $289,765.99 were deposited in the Fury bank account.  About a month later, $100,000 was transferred from the Fury account to the defendant, money the plaintiff intended for the

2

defendant to invest on the plaintiff's behalf so that the plaintiff would continue to have income. The plaintiff asked the defendant for statements and information about the investments but received only the defendant's oral claims about equities he said he had bought. In addition to the $100,000 transfer, $60,000 was also transferred from the Fury account to the defendant shortly after the sale of the Dorchester property. This money was meant to cover tax liabilities from the sale; the defendant told the plaintiff that he would return any balance after paying taxes. The defendant did return $29,000 but did not provide confirmation of the sum paid for taxes.

The plaintiff brought this suit in the Superior Court and the parties agreed to a jury-waived trial with answers to special questions pursuant to Superior Court Rules 20 (2) (h) and 20 (8). The judge returned answers finding that the plaintiff met his burden for proving breach of fiduciary duty, fraud, and conversion; that the plaintiff was the sole member and owner of Fury; that the defendant must provide an accounting of the funds expended for tax purposes and return the $100,000, as well as any portion of the $31,000 that the defendant did not pay in taxes related to the sale of the Dorchester property; and that the parties shall cause a certificate of dissolution of Fury to be filed as requested in the complaint.

3

Discussion.  In a case tried in accordance with Superior Court Rules 20 (2) (h) and 20 (8), "appellate review is conducted according to the same standard as that applied to a judgment entered following a jury verdict."  K & K Development, Inc. v. Andrews, 103 Mass. App. Ct. 338, 344 (2023).  We review to determine "whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [prevailing party]" (quotations and citations omitted).  Id.

The defendant primarily maintains that the judge erred by not finding that the defendant had a partnership interest in Fury.  The defendant claims that the judge's finding that the plaintiff had one hundred percent ownership in Fury was a conclusion of law, but whether a partnership exists is a question of fact.  See Fenton v. Bryan, 33 Mass. App. Ct. 688, 691 (1992).  "On appeal, we are bound by a judge's findings of fact that are supported by the evidence, including all inferences that may reasonably be drawn from the evidence" (citation omitted).  Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 420 (2005).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed"

4

(quotations and citation omitted).  Marlow v. New Bedford, 369 Mass. 501, 508 (1976).

Here, in making this factual finding, the judge considered several of Fury's tax returns that stated that the defendant had an interest in Fury, as well as testimony from the plaintiff, among other testimony and documentary evidence, that the defendant was not a partner in Fury.  The judge therefore could have reasonably inferred that the defendant did not have a partnership interest in Fury.  See Twin Fires Inv., LLC, 445 Mass. at 420; K & K Development, Inc., 103 Mass. App. Ct. at 344.  While the defendant may have preferred a different conclusion, it was within the judge's authority as the fact finder to decide which evidence to credit or discredit.  See Buster v. George W. Moore, Inc., 438 Mass. 635, 644 (2003). "Where differing inferences can be drawn from the evidence, and a reasonable view of the evidence supports [the judge's] findings, we defer to the trial judge."  Beninati v. Borghi, 90 Mass. App. Ct. 556, 563 (2016), citing Buster, supra, at 642- 643.  Nothing in our review of the record leaves us "with the

definite and firm conviction that a mistake has been committed"

(citation omitted).  <u>Marlow</u>, 369 Mass. at 508.

<u>Judgment affirmed</u>.

By the Court (Henry,
Hershfang & Smyth, JJ.[2]),

*Paul Little*

Clerk

Entered:  September 6, 2024.

---

[2] The panelists are listed in order of seniority.

6